**UNITED STATES of America, Plaintiff–Appellee,**

v.

**David M. BELANGER, Defendant–Appellant.**

**No. 91–3070.**

United States Court of Appeals, Seventh Circuit.

Argued April 30, 1992.

Decided Aug. 12, 1992.

John W. Vaudreuil, Asst. U.S. Atty. (argued), Office of the U.S. Atty., Madison, Wis., for plaintiff-appellee.

Victor Arellano and Aaron N. Halstead, Lawton & Cates, Madison, Wis., for defendant-appellant.

Before CUDAHY and KANNE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

KANNE, Circuit Judge.

On January 24, 1990, David Belanger was charged by indictment with possessing with the intent to distribute 9.15 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1), and possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Prior to trial, the government filed and served on Belanger its "Notice of Intention to Seek Enhanced Penalty," pursuant to 21 U.S.C. § 851. Section 851 provides in relevant part:

> No person who stands convicted of an offense under this part [21 U.S.C. § 841, *et seq.*] shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States Attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

21 U.S.C. § 851(a)(1).[1] Following the "Notice of Intention to Seek Enhanced Penalty" (and prior to trial), the government filed and served on Belanger a "Notice of Intent to Offer Evidence," which stated that it intended to offer evidence of Belanger's two prior state court felony drug convictions in order to establish his intent

---

1. This statute applies to persons convicted of an offense under Title 21 when the government seeks to enhance the maximum penalty under the recidivist provisions of that statute. *United States v. Marshall,* 910 F.2d 1241, 1244–45 (5th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 976, 112 L.Ed.2d 1061 (1991). The statute does not apply, however, when sentencing is conducted under the Sentencing Guidelines and the defendant receives an increased sentence which is within the statutory range. *Id.* at 1245.

to distribute marijuana and for impeachment purposes. The latter notice stated in detail that Belanger was convicted of possessing a controlled substance with the intent to deliver on December 12, 1986 and of attempting to distribute cocaine on March 8, 1988. Also prior to trial, Belanger stipulated that he was a convicted felon as of the date of the indictment.

After Belanger was found guilty of both charges, the government introduced evidence of his two prior convictions. Belanger challenged the use of the convictions with regard to the career offender calculations under the Sentencing Guidelines. The district court found that the prior convictions qualified Belanger as a career offender under 21 U.S.C. § 841(b)(1)(C), and sentenced him to concurrent sentences of imprisonment of 25 years and 5 years for the crimes.

Belanger appealed the district court's determination that the convictions qualified him as a career offender. We affirmed the court's finding that Belanger was a career offender, but remanded the case for resentencing because the district court should have applied 21 U.S.C. § 841(b)(1)(D), involving offenses of less than 50 kilograms of marijuana, rather than § 841(b)(1)(C), in enhancing Belanger's sentence. *See United ed States v. Belanger*, 936 F.2d 916, 920 (7th Cir.1991).

Prior to his resentencing, Belanger argued that the government's § 851 filing was insufficient and therefore the district court did not have jurisdiction to impose an enhanced penalty pursuant to § 841(b)(1)(D). The district court found that although the government's "Notice of Intention to Seek Enhanced Penalty" may have been insufficient by itself, when taken together with the government's "Notice of Intent to Offer Evidence," the government had filed a "record" of Belanger's prior felony convictions, *see Gaertner v. United States*, 763 F.2d 787, 790 (7th Cir.), *cert. denied*, 474 U.S. 1009, 106 S.Ct. 535, 88 L.Ed.2d 466 (1985), and notified him of its intent to seek an enhanced penalty. The court concluded that the filings were sufficient to satisfy § 851, and sentenced Belan-

ger to concurrent terms of imprisonment of 10 years and 5 years for the crimes. He appeals and we affirm.

Due process requires that a defendant receive reasonable notice and an opportunity to be heard regarding the possibility of an enhanced sentence for recidivism. *Oyler v. Boles*, 368 U.S. 448, 452, 82 S.Ct. 501, 504, 7 L.Ed.2d 446 (1962). Section 851 was enacted to fulfill this due process requirement. *See United States v. Johnson*, 944 F.2d 396, 407 (8th Cir.1991) (§ 851 allows the defendant an opportunity to determine whether to enter a plea or go to trial, and to plan his trial strategy with full knowledge of the consequences of a potential guilty verdict); *United States v. Wright*, 932 F.2d 868, 882 (10th Cir.) (§ 851 provides the defendant an opportunity to challenge the prior convictions), *cert. denied*, — U.S. —, 112 S.Ct. 428, 116 L.Ed.2d 448 (1991).

The sentencing court may enhance a defendant's sentence on the basis of a prior conviction only when the government files an information, before trial, indicating its intent to rely on that conviction for sentencing purposes. *Johnson*, 944 F.2d at 406. Failure to file the notice prior to trial deprives the district court of jurisdiction to impose an enhanced sentence. *Wright*, 932 F.2d at 882; *see Gaertner*, 763 F.2d at 790; *United States v. Olson*, 716 F.2d 850, 852–53 (11th Cir.1983). Strict compliance with the mandatory language of the procedural requirements of § 851 is required, especially with respect to the timing of the government's filing with the court and serving on the defendant a notice signifying its intent to rely on a prior drug conviction. *United States v. Weaver*, 905 F.2d 1466, 1481 (11th Cir.1990); *see United States v. Williams*, 899 F.2d 1526, 1529 (6th Cir.1990); *United States v. Noland*, 495 F.2d 529, 533 (5th Cir.), *cert. denied*, 419 U.S. 966, 95 S.Ct. 228, 42 L.Ed.2d 181 (1974); *United States v. Wirsing*, 662 F.Supp. 199, 200 (D.Nev.1987). *But see United States v. Brown*, 921 F.2d 1304, 1308–09 (D.C.Cir.1990) (district judge's acceptance of § 851 filing in court on day of trial following two-day postponement of tri-

al after the government's oral notification of its intentions under § 851 on day trial was originally scheduled to begin met notice requirements of statute).

■ Unlike the cited cases, however, the present case does not involve the timeliness of the government's notice of its intent to seek an enhanced sentence but rather the form of that notice. Belanger contends that the government's second filing, the "Notice of Intent to Offer Evidence," does not relate to its first filing, the "Notice of Intention to Seek Enhanced Penalty," and therefore the documents should not be read together. Further, he asserts that the second notice stated that the prior conviction evidence would be introduced to show his intent to distribute marijuana and for impeachment purposes, but did not mention using the evidence for enhancement purposes. The government conceded before the district court that the first notice was defective and that the second notice was filed for another purpose, but contended nonetheless that both notices were filed prior to trial and together gave all the required information to satisfy the purposes of § 851. We agree.

The government timely filed two notices which taken together signify its intent to seek an enhanced penalty. The first filing stated that a sentencing enhancement would be sought but did not provide which prior convictions would be used. The second filing, though submitted for different purposes, detailed those convictions. Section 851 does not specify the particular form which notice of enhancement must take and the government's filings provided Belanger reasonable notice and an opportunity to be heard. The notice given was sufficient to satisfy the statute.

We AFFIRM the district court's sentencing of Belanger.