995 F.2d 234
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Lee MUSCHIK, Defendant-Appellant.
 No. 92-30233.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 7, 1993.
Decided June 11, 1993.
 
 Before: WRIGHT, FARRIS and D.W. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Muschik appeals his convictions for escape from federal custody, 18 U.S.C. § 751, and conspiracy to distribute LSD, 21 U.S.C. §§ 841(a)(1) and 846 and his 20-year mandatory minimum sentence, 21 U.S.C. § 841(b)(1)(A). We affirm his convictions but vacate his sentence and remand to the district court for strict compliance with 21 U.S.C. § 851(b)'s inquire and inform provisions.
 
 
 3
 * Muschik raises numerous issues in this consolidated appeal. In his drug case, he argues that (1) his counsel was ineffective, (2) the court erred in denying his motions to sever and to withdraw his plea, (3) the government and the court did not comply with sentence enhancement procedures under 21 U.S.C. § 851 and (4) a 20-year sentence is cruel and unusual punishment. In his escape case, he asserts that the court erred in denying his motion to exclude evidence about his pending drug charges and admitting evidence of his prior convictions.
 
 II
 A. Drug Appeal
 1. Ineffective Assistance of Counsel
 
 4
 Generally, we do not address ineffective assistance claims on direct appeal. United States v. Laughlin, 933 F.2d 786, 788 (9th Cir.1991). We will do so only when the record is developed sufficiently to permit the issue's resolution or where representation is so inadequate that it obviously interferes with a defendant's Sixth Amendment rights. United States v. Daly, 974 F.2d 1215, 1218 (9th Cir.1992) (per curiam). This is not one of those rare cases. We decline to address this issue.
 
 2. Denial of Motion to Withdraw Guilty Plea
 
 5
 A defendant has no "right" to withdraw a guilty plea and bears the burden of showing a fair and just reason for withdrawal. United States v. Rios-Ortiz, 830 F.2d 1067, 1069 (9th Cir.1987). We review for an abuse of discretion the district court's denial of Muschik's motion to withdraw his guilty plea. See United States v. Oliveros-Orosco, 942 F.2d 644, 645 (9th Cir.1991).
 
 
 6
 Muschik made two withdrawal motions, one through his appointed counsel, the other pro se. The court did not abuse its discretion in denying either motion. As to the first, it found that the plea agreement did not require a second interview. It also concluded that Muschik's promise to identify 100 drug dealers if allowed out of prison to work as an informant did not constitute substantial assistance. As to the second motion, the court found that Muschik's claims were directly contrary to statements he had made under oath at his change of plea hearing and that he did not challenge the adequacy of the hearing, but simply ignored it. The court concluded correctly that the hearing was adequate and Muschik's plea voluntary. It also found properly that the alleged omissions of his attorney occurred after his plea change.
 
 3. Motion to Sever
 
 7
 Because Muschik's plea was unconditional and made knowingly and voluntarily, he has waived any claims of constitutional violations occurring before entry of his plea. See United States v. Cortez, 973 F.2d 764, 766-68 (9th Cir.1992).
 
 
 8
 4. Failure to Give Proper Notice and to Comply with 21 U.S.C. § 851(b)
 
 
 9
 If the government files an information seeking enhanced punishment based on a prior conviction, the court
 
 
 10
 shall after conviction but before pronouncement of sentence inquire of the [defendant] whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.
 
 
 11
 21 U.S.C. § 851(b) (emphasis added). Congress enacted § 851 to fulfill the due process requirement that "a defendant receive reasonable notice and an opportunity to be heard regarding the possibility of an enhanced sentence for recidivism." United States v. Belanger, 970 F.2d 416, 418 (7th Cir.1992). "[F]ailure to comply with Section 851(b) renders the sentence illegal." United States v. Garrett, 565 F.2d 1065, 1072 (9th Cir.1977), cert. denied, 435 U.S. 974 (1978).
 
 
 12
 The government relies on United States v. Garcia, 954 F.2d 273 (5th Cir.1992) and argues that substantial compliance with § 851(b)'s inquire and inform requirements should suffice.[1] In that case, the court did not inform Garcia of the proper timing of a challenge to his prior convictions. 954 F.2d at 276-77. It did, however, question him about his priors and received his admission that they were his. Id. at 277. Here, the government recognizes that the court did not fulfill either § 851(b)'s inquire or inform requirement. Garcia itself stresses that where "there was a 'complete failure to comply with § 851(b)' ... remand[ ] for resentencing 'in full compliance with the procedures of the enhancement statute' " is required. Id. We must vacate Muschik's sentence and remand for strict compliance with § 851(b).[2]
 
 5. Cruel and Unusual Punishment
 
 13
 Although the argument has been made in similar cases without success, we need not reach it since we vacate the sentence.
 
 B. Escape Appeal
 
 14
 1. Denial of Motion in Limine to Exclude Evidence of Underlying Charge
 
 
 15
 Federal Rule of Evidence 403 allows a court to exclude relevant evidence if its probative value is substantially outweighed by unfair prejudice. We review for an abuse of discretion the district court's balancing of probative value versus unfair prejudice. United States v. Layton, 767 F.2d 549, 553 (9th Cir.1985).
 
 
 16
 The court did not err. Evidence regarding the underlying charge was probative of Muschik's possible motive for escaping. The potential of a 20-year mandatory minimum sentence could provide strong incentive to escape. As the court observed, the nature of the charges would have been admitted anyway when Muschik testified about the United States Marshal's drug dealer statement. Muschik would have no reason to fear the Marshal who made the statement had Muschik not been facing drug charges.
 
 
 17
 The admission of the evidence may have prejudiced him by focusing the jury on the underlying drug crime. The danger of unfair prejudice, however, did not substantially outweigh the evidence's probative value. The court instructed the jury that any evidence of other crimes was to be considered only to the extent that it related to the defendant's intent. The court also did not err in reasoning that the jury was entitled to know the type of drug to prevent it from making incorrect, and possibly prejudicial, conclusions.
 
 2. Admission of Prior Crimes
 
 18
 Although possibly prejudicial, the admission of this evidence was harmless error. United States v. Lui, 941 F.2d 844, 848 (9th Cir.1991). The remaining evidence overwhelmingly demonstrated Muschik's guilt.
 
 
 19
 Muschik admitted that he was in federal custody at the time of his escape. The government introduced evidence that DEA agents lawfully arrested him and that he did not have permission to leave. He testified that the Lake County jailers told him that he should leave the jail and that they assisted in his escape. He also testified, however, that he and three other inmates grabbed the jailer on duty, handcuffed him, took his keys and escaped. Those are not the actions of someone who has permission to leave.
 
 
 20
 The evidence of his prior crimes was also harmless as to Muschik's duress defense. He did not show an immediate threat or that he surrendered to the proper authorities after attaining a position of safety. See United States v. Beltran-Rios, 878 F.2d 1208, 1213-14 (9th Cir.1989).
 
 
 21
 AFFIRMED in part, VACATED in part and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The government argues that Muschik's signing of the plea agreement, his acknowledgment at the change of plea hearing that he faced a minimum 20-year sentence, his admission of the conviction during cross-examination in his escape trial, his attorney's acknowledgment at sentencing that Muschik faced an enhanced sentence and his failure to comply with the notice provisions of § 851(c) constitute substantial compliance
 
 
 [2]
 Because we vacate Muschik's sentence we need not address his argument that the government did not comply with § 851(a)(1). If an error exists, we assume that it is a clerical one, which can be corrected. See 21 U.S.C. § 851(a)(1)