**UNITED STATES of America, Plaintiff,**

v.

**Willie EDWARDS, Jr., Defendant.**

**No. HCR 92–113(09).**

United States District Court,
N.D. Indiana,
Hammond Division.

Dec. 2, 1993.

Daniel Bella, Asst. U.S. Atty., Hammond, IN, for plaintiff.

John Maksimovich, Griffith, IN, for defendant.

### ORDER

LOZANO, District Judge.

This matter is before the Court on a Presentence Motion to Withdraw Guilty Plea, filed August 30, 1993, by the Defendant, Willie Edwards, Jr. ("Edwards"). Also before this Court is Defendant's Response to Government's Revised Presentence Investigation Report, filed September 22, 1993, the Government's Response to Defendant's Motion to Withdraw Guilty Plea, and the Government's Response to Defendant's Response to Government's Revised Presentence Investigation Report, filed September 29, 1993. A hearing was had on this matter on October 28, 1993. Being advised in the premises, this Court hereby **GRANTS** Edwards' motion to withdraw his guilty plea.

### BACKGROUND

On February 25, 1993, Edwards Petition to Enter a Plea of Guilty was filed with this Court. On March 1, 1993, Edwards entered a plea of guilty pursuant to his plea agreement, wherein he agreed to plead guilty to Count Three of the indictment charging him with conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846, in exchange for the Government's agreement to dismiss Counts Eighteen and Twenty–Three of the indictment charging him with use of a communication facility in committing or in causing or facilitating the commission of a drug crime, and aiding and abetting, in violation of 21 U.S.C. § 843 and 18 U.S.C. § 2.

Pursuant to paragraph 9(f) of the Petition to Enter a Plea of Guilty, as further consideration of Edwards' plea of guilty, the Government agreed that the Court would impose a sentence equal to the minimum under the applicable guideline range as determined by the United States Sentencing Guidelines.

Pursuant to paragraph 9(e) of the Petition to Enter a Plea of Guilty, the Government advised Edwards of the statutory penalty applicable to his case. He was advised that the maximum possible penalty that could be imposed for a conviction under Count Three of the indictment was a term of incarceration, if any, not to exceed 20 years, a fine not to exceed $1,000,000, and a term of supervised release of not greater than three years. Edwards was not advised that he might be subject to a mandatory minimum term of imprisonment imposed by statute.

On March 1, 1993, at the change of plea hearing, this Court advised Edwards, as had the United States Government, that the maximum penalty that could be imposed upon him for his conviction under Count Three of the indictment was a term of incarceration, if any, not to exceed 20 years, a fine not to exceed $1,000,000, and a term of supervised release of not greater than three years. The Court did not advise Edwards of any possible mandatory minimum penalty.

The Presentence Investigation Report ("PSR") received by this Court September 14, 1993, attributes to Edwards 1,424 grams of heroin for purposes of calculating the sentencing guideline base level offense. This number is based upon a version of the offense submitted by the Government to Probation on March 22, 1993, which is included in the PSR and advocated by the Government. The Government contends that for the time that Edwards was a member, the conspiracy was responsible for the distribution of 1,424 grams of heroin. It is the Government's position that Edwards was an

active participant in the conspiracy who assisted Lee Edwards to obtain and supply drugs to street level dealers. It is therefore the Government's position that Edwards should be held responsible for the 1,424 grams of heroin attributable to the drug dealing conspiracy during his participation.

Edwards contends that because the Government seeks to hold him responsible for over 1,000 grams of heroin, 21 U.S.C. § 841(b)(1)(A) dictates that he is sentenced to a term of imprisonment which may not be less than ten years or more than life, and a fine not to exceed $4,000,000. He further contends that because he has a prior conviction for a felony drug offense, under the same statutory section, the minimum penalty is increased to 20 years imprisonment. Edwards contends that he had a right to be advised of these penalties, and that failure to so advise him is a violation of Rule 11 of the Federal Rules of Criminal Procedure and due process.

The Government maintains that Edwards was properly advised of the maximum and minimum penalties he faces in this case, as it is necessary for the Government to fulfill certain notice requirements before it seeks to impose an enhanced sentence under 21 U.S.C. § 841(b), and that since the Government has not sought to impose such an enhanced sentence, the sentence which Edwards faces is contained in 21 U.S.C. § 841(b)(1)(C), a term of imprisonment of not more than 20 years.

*DISCUSSION*

Rule 32(d) of the Federal Rules of Criminal Procedure provides:

If a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason. At any later time, a plea may be set aside only on direct appeal or by motion under 28 U.S.C. § 2255.

Federal Rule of Criminal Procedure 11(c) provides, in part:

Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:

(1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, including the effect of any special parole or supervised release term....

"A guilty plea is invalid unless the record reveals that the defendant entered the plea knowingly and voluntarily." *United States v. Seybold,* 979 F.2d 582, 586 (7th Cir.1992) (citing *Boykin v. Alabama,* 395 U.S. 238, 242–44, 89 S.Ct. 1709, 1711–13, 23 L.Ed.2d 274 (1969)). To ensure that the plea is entered knowingly, Federal Rule of Criminal Procedure 11 requires, *inter alia,* that the defendant is made aware of the mandatory minimum penalty and the maximum possible penalty provided by law.

Edwards has pled guilty to conspiracy to distribute heroin, in violation of 21 U.S.C. § 846. That section indicates that the applicable penalties for its violation are the penalties which apply to the underlying offense which the defendant conspired to commit. In this case, the underlying offense is distribution of heroin in violation of 21 U.S.C. § 841(a).

The sentencing scheme of 21 U.S.C. § 841 is found in subparagraph (b). The penalties outlined in this subsection are based upon the amount of drugs involved in the offense. For example, in the case of heroin, 21 U.S.C. § 841(b)(1)(A) states that in the case of a violation involving one kilogram or more of a mixture or substance containing a detectable amount of heroin, a defendant shall be sentenced to a term of imprisonment which may not be less than ten years or more than life. Additionally, the section states that if a defendant has a prior conviction for a felony drug offense, the minimum term of imprisonment may not be less than 20 years. In a case of a violation involving 100 grams or more of a mixture of a substance containing a detectable amount of heroin, 21 U.S.C. § 841(b)(1)(B) state that a defendant shall be sentenced to a term of imprisonment which may not be less than five years and not more than forty years  However, if the defendant

has a prior drug conviction, the minimum term of imprisonment is increased to ten years. In all other cases, *i.e.* those involving less than 100 grams of a mixture or substance containing a detectable amount of heroin, 21 U.S.C. § 841(b)(1)(C) states that a defendant shall be sentenced to a term of imprisonment of not more than twenty years. No minimum term of imprisonment is mandated. In the case of a prior conviction, the maximum term of imprisonment is increased to thirty years.

■ The Government maintains this sentencing scheme is not mandatory, but instead that these categories are sentencing "enhancements" which the Government must specifically seek by giving notice to the defendant before the enhanced penalty can be imposed. The Court agrees with the Government that 21 U.S.C. § 851 mandates that notice must be given to a defendant who faces increased punishment by reason of prior conviction before entry of a guilty plea, but disagrees that the Government must specifically seek an enhanced penalty based on drug amount under 21 U.S.C. § 841(b) in order for a defendant to be subject to the penalty scheme outlined in that section.

21 U.S.C. § 851(a)(1) states in part:

No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial or before entry of a plea of guilty, the United States Attorney files an information with the court ... stating in writing the previous convictions to be relied upon.

"The sentencing court may enhance a defendant's sentence on the basis of a prior conviction only when the government files an information, before trial, indicating its intent to rely on that conviction for sentencing purposes." *United States v. Belanger,* 970 F.2d 416, 418 (7th Cir.1992). Failure to file such notice deprives the Court of jurisdiction to impose an enhanced sentence. *Id.* However, although the Government cannot seek an enhanced sentence without filing an information under 21 U.S.C. § 851, the Court may still consider any prior conviction for purposes of determining the appropriate guideline range for sentencing. *United States v.*

*Koller,* 956 F.2d 1408, 1416–17 (7th Cir.1992). As the Government has not filed an information seeking an enhanced penalty in the present action, this Court has no jurisdiction to impose such a penalty, and consequently, Edwards cannot claim that he was not informed of this penalty.

■ The Government next contends that in order to seek an enhanced sentence due to the amount of drugs involved, again the Government must give the Defendant notice of its intention to impose an enhanced penalty provision. For this proposition the Government cites *United States v. Paiz,* 905 F.2d 1014, 1033 (7th Cir.1990):

... [S]hould the government wish to seek enhanced penalties under section 841(b), "[t]he indictment need not cite to an enhanced penalty provision, but [it] ... must ... make a defendant aware of the possibility that enhanced penalty provisions could apply."

(quoting *United States v. Ocampo,* 890 F.2d 1363, 1373 (7th Cir.1989)). The Government maintains that because it has not given Edwards notice of its intention to seek an enhanced penalty under § 841(b), he is not subject to such a penalty, and the ten year mandatory minimum term of imprisonment specified in § 841(b)(1)(A) is inapplicable. However, the Government, as well as the PSR, seek to hold the Defendant responsible for 1,424 grams of heroin. Under the plain language of § 841(b), because this violation involves more than one kilogram of a substance containing a detectable amount of heroin, Edwards *shall* be sentenced to a term of imprisonment which may not be less than ten years or more than life. 21 U.S.C. § 841(b)(1)(A) (emphasis added).

The cases relied upon by the Government in its response are inapposite, as they only hold that the amount of drugs need not be specified in the indictment for the Court to impose an enhanced penalty under § 841(b), so long as the Defendant receives some notice prior to sentencing of the possibility of an enhanced penalty. *See United States v. Levy,* 955 F.2d 1098, 1105 (7th Cir.1992); *Paiz,* 905 F.2d at 1033; *Ocampo,* 890 F.2d at 1373. These cases do not speak to whether

Federal Rule of Criminal Procedure 11 and the due process clause of the Fifth Amendment require that a defendant who pleads guilty be advised of the mandatory minimum penalties applicable under § 841(b) according to the amount of drugs for which the Government intends to hold him responsible.

The Government argues that at the plea hearing it is impossible to correctly inform a defendant of the possible penalty he faces as the amount of drugs attributable to the defendant cannot be known until the entire sentencing procedure has taken its course. As in this case, the Government maintains that it and the defendant often will have different positions regarding the amount of drugs involved, and that the factual determination of the amount of drugs actually involved is one that can only be made by the Court at the time of sentencing. While it is true that this Court determines the amount of drugs attributable to the defendant at the time of sentencing, contrary to the Government's position, it is not impossible to correctly inform the defendant of the sentence he faces.

Recently, the Seventh Circuit considered a similar case. The defendants pled guilty to a conspiracy charge under 21 U.S.C. § 846. The amount of drugs was not specified in the indictment. The district court informed each defendant that the applicable sentence would depend upon the amount of drugs attributed to the defendant, an amount which the judge could not compute until the sentencing hearing. However, the judge expressly told each defendant that punishment could range up to life imprisonment, and a fine up to $4,000,000 could be assessed. The judge informed each defendant of the sentencing scheme under 21 U.S.C. § 841(b), stating that on a charge involving at least 5 kilograms of cocaine there would be a minimum of ten years, while if the amount were found to be less than 5 kilograms, but more than 500 grams, then the sentence would be a minimum of 5 years. In short, the judge informed the defendants of all possible minimum and maximum sentences they faced. In *United States v. Wagner*, 996 F.2d 906 (7th Cir. 1993), the Seventh Circuit affirmed this procedure. *See Id.* at 912. The Court stated:

"Matters of reality, and not of mere ritual should be controlling." At the time of the change of plea hearing, the district court had not yet determined the amount of cocaine involved in the conspiracy. Therefore, it could not compute with specificity the exact range of sentencing possibilities. The district court's disclosure sufficiently informed the defendants of their rights for them to make an intelligent, knowing and voluntary plea.

*Id.* (quoting *McCarthy v. United States*, 394 U.S. 459, 467–68 n. 20, 89 S.Ct. 1166, 1171–72 n. 20, 22 L.Ed.2d 418 (1969)).

Without knowledge of the minimum sentence he faced, Edwards could not make a knowing and voluntary plea. Therefore, it would be a violation of his right to due process for this Court to accept it. *Cf. United States v. Musa*, 946 F.2d 1297, 1303 (7th Cir.1991); *United States v. McCann*, 940 F.2d 1352, 1358 (10th Cir.1991).

The Government seeks to attribute 1,424 grams of heroin to Willie Edwards. As such, under the mandatory language of 21 U.S.C. § 841(b)(1)(A), Edwards is subject to a term of imprisonment which may not be less than ten years or more than life. However, Edwards was not informed of this mandatory minimum sentence, and therefore his plea cannot be accepted as knowing and voluntary.

Finally, the Court must consider the Government's contention that Edwards is in no way prejudiced by the possible applicable sentence computed under the United States Sentencing Guidelines. If Edwards was held responsible for 1,424 grams of heroin, his base offense level would be 32. Combined with a criminal history category of IV, the Guideline range for imprisonment would be 168 to 210 months. This sentence, the Government maintains, is within the statutory scheme of which Edwards was informed, zero to twenty years. Therefore, the Government contends that Edwards is in no way prejudiced by the fact that he was not informed of the mandatory minimum 10 year term of imprisonment under 21 U.S.C. § 841(b)(1)(A).

This argument has no merit. While it is true that any variance from the procedures

required by Rule 11 that does not affect a substantial right shall be considered harmless error, Fed.R.Crim.P. 11(h), the Rule requires the district court to explain the nature of the charge and the mandatory minimum and maximum penalties which may be imposed. *See Wagner*, 996 F.2d at 912. Failure to do so affects a substantial right, as the defendant is unaware of the consequences of his plea. If held responsible 1424 grams of heroin, Edwards is still subject, by statute, to a mandatory minimum sentence of 10 years imprisonment. This fact was not disclosed to Edwards prior to his plea of guilty. Therefore, he was not informed of the minimum penalty that he would receive, and was unaware of the consequences of his plea. The fact that the probable Guidelines range would subject him to a penalty under 20 years imprisonment is irrelevant.

*CONCLUSION*

Edwards was not informed of the mandatory minimum penalty provided by law for a violation of 21 U.S.C. § 846, wherein 1,424 grams of heroin are attributed to the Defendant. Therefore, his plea of guilty is deficient under Federal Rule of Criminal Procedure 11(c)(1). As such, this Court cannot accept his plea of guilty and therefore **GRANTS** Edwards' motion to withdraw his guilty plea. It is therefore **ORDERED** that this cause be reset for trial on February 7, 1994, commencing at 8:30 a.m.