**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

No. 99-4396

ERIC PEARSON LEE, a/k/a Eric
Ingram,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CR-98-282)

Submitted: December 14, 1999

Decided: January 6, 2000

Before WIDENER, TRAXLER, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James D. Williams, Jr., Durham, North Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney, Angela H. Miller, Assistant United States Attorney, Kirsten Lee Dunton, Third-Year Law Student, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Eric Pearson Lee pled guilty to distributing 69.9 grams of cocaine base (crack), see 21 U.S.C. § 841(a) (1994), and was sentenced to the mandatory minimum term of 240 months imprisonment. He appeals his sentence, arguing that the district court erred (1) in permitting the government to amend its first information filed under 21 U.S.C. § 851 (1994), and (2) in finding that he was not eligible for a sentence within the guideline range under the safety valve provision, see U.S. Sentencing Guidelines Manual § 5C1.2 (1998). He also raises an equal protection challenge to the statutory penalties for crack and cocaine offenses. We affirm.

Before Lee entered his guilty plea, the government filed an information pursuant to 21 U.S.C. § 851, informing Lee that it would seek an enhanced sentence under § 841(b)(1)(A) based on his prior New York felony drug conviction. The information stated that Lee had been convicted on May 5, 1993, of a violation of New York Statute PL 220.16, a Class B felony, under Criminal Docket Number 1990-89 in the Superior Court of Kings County, New York. At the guilty plea hearing in November 1998, Lee maintained that the information was incorrect. Before sentencing, the government filed an amended information alleging a conviction in the same court with the same docket number, but stating that Lee had been convicted on September 11, 1989, to a violation of New York Statute PL 220.09, a Class C felony, for which he was sentenced on October 16, 1989.

Lee did not file a response to either information. See 21 U.S.C. § 851(c)(1) (defendant who denies allegation of prior conviction shall file written response to § 851 information). However, at the first sentencing hearing in March 1999, Lee objected to enhancement for the offense listed in the amended information, claiming that he had not been given proper notice of it. The government maintained that the

2

same offense was described in both the original and the amended information, and that the amended information merely corrected clerical errors obtained from a computer printout. The district court decided that Lee had received adequate notice of the prior conviction, that the changes in the amended information were clerical corrections which were permissible under § 851(a)(1), and that the offense was a felony because Lee was exposed to a statutory maximum sentence of fifteen years, even though he received a suspended sentence of thirty days with five years probation.

Upon Lee's request that he be sentenced within the guideline range under the safety valve provisions of USSG § 5C1.2 and 18 U.S.C.A. § 3553(f) (West Supp. 1999), the district court continued sentencing to permit the government to determine whether Lee had truthfully provided all information concerning the offense. See USSG § 5C1.2(5). When sentencing resumed the following month, the probation officer had obtained more information from New York about Lee's 1989 arrest for robbery, which had previously been listed in the presentence report under "Other Arrests." The probation officer learned that Lee had pled guilty to attempted second degree robbery and had been sentenced to five years probation. The revised presentence report included one additional criminal history point for this sentence, which made Lee ineligible for a sentence under the safety valve provision. See USSG § 5C1.2(1). Although Lee maintained that revision of the presentence report should not be permitted because the district court had already made its findings concerning the offense level and criminal history category, defense counsel stated that he had had enough time to address the new criminal history issue and did not ask for a continuance. The district court adopted the recommended findings in the presentence report and sentenced Lee to 240 months imprisonment, the mandatory minimum sentence.

Lee contends on appeal that the district court erred in allowing the government to amend the original § 851 information. Section 851 provides that an enhanced sentence based on a prior conviction may not be imposed unless the government has filed and served on the defendant, before his trial or guilty plea, an information "stating in writing the previous conviction to be relied upon." 21 U.S.C. § 851(a)(1). Clerical errors in the information may be corrected before sentencing. Id. The purpose of the requirement is to provide

3

the defendant with "reasonable notice of the government's intent to rely on a particular conviction and a meaningful opportunity to be heard." United States v. Gonzalez-Lerma, 14 F.3d 1479, 1485 (10th Cir. 1994) (citing United States v. Belanger, 970 F.2d 416, 418-19 (7th Cir. 1992)).

Lee first argues that the government failed to prove beyond a reasonable doubt that his 1989 New York drug conviction was a felony for federal sentencing purposes. The term "felony drug offense" is defined in 21 U.S.C.A. § 802(44) (West 1999) as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marijuana, or depressant or stimulant substances." Lee's offense was classified as a felony under New York law, and his conviction exposed him to a possible maximum sentence of fifteen years. However, the state judge sentenced Lee to thirty days imprisonment and five years probation under a provision which permitted a definite sentence of less than one year of imprisonment due "to the nature and circumstances of the crime and to the history and character of the defendant." N.Y. Penal Law § 70.00(4). Lee thus contends that the potential penalty for his particular offense did not exceed one year.

We resolved a similar question in United States v. Jones, ___ F.3d ___, 1999 WL 1020528 (4th Cir. Nov. 10, 1999), holding in that case that the offense statutory maximum sentence, not the individual sentence applicable to the defendant, determined whether a prior offense was punishable by a term exceeding one year. See Jones, 1999 WL 1020528, at *2. Under Jones, the district court in this case properly looked to the fifteen-year offense statutory maximum and determined that Lee's 1989 offense was a felony.

Next, Lee claims that the government failed to provide adequate notice of the conviction it intended to rely on to enhance his sentence because the changes in the amended information were more than clerical. We are unconvinced. The original information correctly identified the court and the docket number of Lee's prior conviction, which left no doubt about which conviction the government intended to rely upon for the enhancement, despite the incorrect date and statute subsection. See United States v. King, 127 F.3d 483, 489 (6th Cir. 1997)

4

(incorrect date was clerical error), and <u>United States v. Campbell</u>, 980 F.2d 245, 251 (4th Cir. 1992) (incorrect citation of statute subsection was clerical mistake). Because we find that the errors in the original information were clerical, not substantive, the amended information was also timely.

We find no merit in Lee's claim that the district court erred in permitting the probation officer to submit a revised presentence report awarding him an additional criminal history point after the court had made findings at the March 1999 sentencing hearing. Although Lee suggests that there was a violation of 18 U.S.C. § 3552(d) (1994), which requires disclosure of the presentence report at least ten days prior to sentencing, no violation of the statute occurred because the presentence report was first disclosed in February 1999, more than a month before the March sentencing hearing. Moreover, Rule 32(b)(6)(B) permits the probation officer to conduct further investigation and revise the presentence report "as appropriate." Consequently, the district court did not err in permitting the probation officer to revise the presentence report before the final sentencing hearing or in considering the newly-discovered sentence to deny Lee the safety valve reduction.

Finally, Lee argues that the statutory sentencing scheme for crack and cocaine offenses violates the Equal Protection Clause. Because he did raise this issue in the district court, the plain error standard of review applies. <u>See United States v. Olano</u>, 507 U.S. 725, 732-35 (1993). Lee contends, first, that two people with similar criminal histories cannot be sentenced differently because one distributed crack and the other distributed the same amount of cocaine powder. Second, he maintains that the adverse impact of the crack sentencing scheme on black defendants violates equal protection. This court has more than once rejected equal protection challenges to the penalty structure for crack and cocaine offenses. <u>See United States v. Burgos</u>, 94 F.3d 849, 876-77 (4th Cir. 1996) (citing cases). Therefore, the district court did not plainly err in failing to find a violation of equal protection.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5