# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

DANIEL EDWARD KELLY, II, a/k/a
Danial Edward Kelly,
          *Defendant-Appellant.*

No. 02-4339

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

STEVEN GEORGE KELLY,
          *Defendant-Appellant.*

No. 02-4360

Appeals from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-96-33-V)

Submitted: March 31, 2003

Decided: April 21, 2003

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Lyle J. Yurko, Charlotte, North Carolina; Aaron E. Michel, Charlotte, North Carolina, for Appellants. Robert J. Conrad, Jr., United States Attorney, Gretchen C.F. Shappert, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Steven and Daniel Kelly appeal their sentences of 262 months and 168 months imprisonment, respectively, which were imposed after resentencing on remand from this court. We affirm the judgment of the district court, grant Steven's motion to file supplemental materials under seal, and affirm the district court's ex parte order in Steven's case.

The Kellys were convicted in 1997 of conspiracy to possess with intent to distribute and distribute a quantity of cocaine and cocaine base (crack) in violation of 21 U.S.C. § 841(a), (b)(1)(A) (2000). Each of them was initially sentenced as a career offender to a term of 360 months imprisonment. In their first appeal, the Kellys challenged their convictions and sentences on multiple grounds.[1] We affirmed the convictions, but vacated the sentences and remanded for

---

[1]In their first appeal, the Kellys raised the following issues: sufficiency of the evidence; district court's refusal to recuse; admission of evidence concerning Louisiana marijuana case; denial of motion for mistrial alleging prosecution's use of conversations protected by attorney-client privilege; prosecutor's threats to indict witnesses if they did not testify; district court's failure to instruct that showing of illegal agreement with government witness insufficient for conviction; calculation of drug quantity attributable to each defendant.

resentencing in accordance with *Apprendi v. New Jersey*, 530 U.S. 466 (2000), noting that, on remand, the district court could consider the timeliness of the government's pre-trial notices filed pursuant to 21 U.S.C. § 851 (2000), seeking the enhanced statutory maximum sentence of thirty years under § 841(b)(1)(C) by reason of a prior drug conviction. *United States v. Kelly*, Nos. 98-4522/4527, 2001 WL 866970 (4th Cir. Aug. 1, 2001) (unpublished).[2]

During resentencing, Daniel produced evidence that he no longer qualified for sentencing as a career offender because one of his prior Florida drug convictions had recently been reduced to a conviction for simple possession of a controlled substance. He then argued that the three of his remaining prior felony convictions should be counted as one because the sentences were imposed on the same day. The district court correctly determined that, because the offenses were separated by intervening arrests, the cases were not related, *see U.S. Sentencing Guidelines Manual* § 4A1.2(a)(2), comment. (n.3), and the sentences were properly counted separately to determine Daniel's criminal history score. On appeal, Daniel argues that, because the definition of "common scheme or plan" or "same course of conduct" in USSG § 1B1.3 (Relevant Conduct) does not take into account intervening arrests, the sentencing philosophy in § 1B1.3 conflicts with that in § 4A1.2 and the rule of lenity requires that the provision that benefits him most should be applied. Daniel did not make this argument in the district court. Consequently, our review is for plain error. *United States v. Olano*, 507 U.S. 725, 732-37 (1993) (unpreserved error may be corrected only if error occurred, that was plain, and that affects substantial rights, and if failure to correct error would seriously affect the fairness, integrity, or public reputation of judicial proceedings). The claim is meritless. Section 1B1.3 applies to the calculation of a defendant's offense level, not to the determination of his criminal history. The district court did not plainly err in determining that Daniel's prior sentences should be counted separately.

---

[2]Shortly after the Kellys were resentenced, the Supreme Court held that, when the indictment failed to allege a drug quantity that increased the statutory maximum sentence under § 841(b), such a sentence is plain error, but not an error that need be corrected by the appeals court if the evidence for the drug quantity is overwhelming and essentially uncontroverted. *United States v. Cotton*, 122 S. Ct. 1781, 1785-86 (2002) (internal quotation omitted). We note that the Kellys contested the drug quantity.

At the Kellys' original sentencing, the timeliness of the government's § 851 notices was disputed. The district court did not resolve the issue because the Kellys' career offender sentences under § 841(b)(1)(A) mooted it. An enhanced statutory maximum sentence under § 841 based on a prior drug conviction applies only when, before the trial or entry of a guilty plea, the government has filed an information stating in writing the prior convictions to be relied on and served the information on the defendant. 21 U.S.C. § 851(a)(1). The purpose of the requirement is to provide the defendant with "reasonable notice of the government's intent to rely on a particular conviction and a meaningful opportunity to be heard." *United States v. Gonzalez-Lerma*, 14 F.3d 1479, 1485 (10th Cir. 1994) (citing *United States v. Belanger*, 970 F.2d 416, 418-19 (7th Cir. 1992), *overruled on other grounds by United States v. Ceballos*, 302 F.3d 679, 692 (7th Cir. 2002) (holding that § 851's procedural requirements are not jurisdictional), *cert. denied*, 123 S. Ct. 924, 925 *and* 2003 WL 1448024, 1451726 (2003)).

The government's first notice was titled "Notice of Intent to Seek Enhanced Penalties." It cited the wrong statute and did not state the particular convictions to be relied upon. The government later filed a supplemental notice in each case citing the correct statute. The supplemental notice was hand delivered to Daniel's attorney the day before trial and to Steven's attorney before jury selection on the day of trial. To Steven's notice, the government attached a computer printout of his Ohio criminal record. The court found in each case that the form of the notice to each defendant was sufficient even though it was not titled an "information," and that the content of each notice was sufficient. Steven argues here that the supplemental notice did not fulfill the statutory requirement. Questions of statutory interpretation are reviewed de novo. *United States v. Meyers*, 280 F.3d 407, 416 (4th Cir.), *cert. denied*, 123 S. Ct. 53 (2002).

Steven first maintains that the term "before trial" means before the trial term begins because the purpose of § 851 is to permit the defendant to make an informed decision as to whether to plead guilty or proceed to trial by informing him what "actual statutory maximum" sentence he faces. His position has no support in case law. The two cases he cites in support of his argument agree that "before trial" means before jury selection. *See United States v. Prou*, 199 F.3d 37,

48 (1st Cir. 1999); *United States v. Kelly*, 29 F.3d 1107, 1110 (7th Cir. 1994); *see also Ceballos*, 302 F.3d at 692-93 (holding that either actual notice of the government's intention to seek an enhanced sentence or mailing of a § 851 information before trial (even if received after trial begins) is sufficient to satisfy the requirements of § 851 and discussing similar holdings from other circuits). Although we have not addressed the question, given the weight of authority from other circuits, we are persuaded that the district court did not err in determining that the § 851 notice delivered to Steven's attorney before jury selection was timely.

Steven also argues that the government's § 851 notice was insufficient because it was not titled an "information" and because it did not state in writing the prior convictions on which the government relied. However, because the government attached a computer printout of Steven's Ohio criminal record, thereby establishing that he had a 1991 conviction for attempted aggravated drug trafficking for which he received an eighteen-month prison sentence, we conclude that this document provided sufficient notice to him as to the conviction to be relied upon. Moreover, the fact that the document was not titled an "information" is not significant. *See Belanger*, 970 F.2d at 419 ("Section 851 does not specify the particular form which notice of enhancement must take . . .").

We find no error in the district court's decision to apply the 2001 Guidelines Manual rather than the 1995 Guidelines Manual. Under USSG § 1B1.11(b)(1), the manual in effect on the date of sentencing is used unless its use would violate the Ex Post Facto Clause, in which case the manual in effect on the date the offense was committed should be used. At his resentencing, Steven sought to persuade the district court to apply the 1995 Guidelines Manual so that he could benefit from Amendment 506, which was in effect from 1994 to 1997, and which would have fixed his base offense level at 32 rather than 34 under § 4B1.1. Amendment 506 defined the term "offense statutory maximum" in USSG § 4B1.1 to mean the statutory maximum without any enhancement for prior convictions. When Steven was originally sentenced under § 841(b)(1)(A), the definition did not concern him because his offense statutory maximum was automatically life imprisonment, making his base offense level 37 under § 4B1.1. By that time, the Supreme Court had already held that

Amendment 506 was inconsistent with 18 U.S.C. § 994(h) and was therefore invalid. *United States v. LaBonte*, 520 U.S. 751, 762 (1997).

The district court did not err in refusing to apply the 1995 Guidelines Manual on remand. Steven was not affected by enactment of an Ex Post Facto law. *See United States v. Rice*, 116 F.3d 267, 268 (7th Cir. 1997) (Amendment 506 is not a "law," but an interpretive note to a regulation). Moreover, he cannot show a due process violation resulting from an unexpected enlargement of a criminal statute of the sort addressed in *Bouie v. City of Columbia*, 378 U.S. 347, 353-54 (1964).

On remand, the Kellys sought to religitate certain issues that had been decided at the first sentencing and to raise new issues. The district court correctly determined that all these issues were foreclosed by the mandate rule, *United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993), because they had either been decided in the first appeal or waived because they were not raised on appeal.[3]

We therefore affirm the Kellys' convictions and sentences. We grant Steven's motion to file supplemental materials under seal and affirm the district court's ex part order in his case. We grant the government's motion to submit the case on the briefs and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

[3]These issues were: the district court's refusal to recuse; drug type and quantity; weapon enhancement; role adjustment; obstruction of justice adjustment; denial of motion for acquittal or recalculation of sentence based on *Chapman v. United States*, 500 U.S. 453 (1991); denial of motion to dismiss indictment or for new trial based on *Apprendi* and *United States v. Rhynes*, 196 F.3d 207 (4th Cir. 1999), *vacated in part on reh'g en banc*, 218 F.3d 310 (4th Cir. 2000).