BROWN, Circuit Judge,
concurring in the judgment:
I arrive at the same result the court does in this case, but my path to it differs in three respects.
First, I would apply a plain error standard — not de novo review — to Baugham’s claim that the information of prior convictions accepted by the district court did not comply with 21 U.S.C. § 851(a). The court refrains from articulating the particular standard, pointing out that prior cases in this circuit do not appear to apply plain error to such challenges. Those cases, however, either leave unsaid which standard they are applying, do not explain whether appellants preserved their challenges before the district court, or even imply the challenge was preserved, see United States v. Kennedy, 133 F.3d 53, 59-60 (D.C.Cir.1998) (discussing the district court’s findings on the relevant issue). In the absence of a firm statement that plain error review is never applicable to § 851(a) challenges, I do not think this is an open question. The default rule followed by courts is that unpreserved errors are subject to procedural default and plain error review, see United States v. Olano, 507 U.S. 725, 731, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), and, generally, only errors that implicate a jurisdictional issue escape the rule. See United States v. Cotton, 535 U.S. 625, 630-31, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002) (“Consequently, defects in subject-matter jurisdiction require correction regardless of whether the error was raised in district court.”); United States v. Mezzanatto, 513 U.S. 196, 200-01, 115 S.Ct. 797, 130 L.Ed.2d 697 (1995) (waiver of statutory provisions is presumptively available). If this court had meant in the past to designate § 851(a) as jurisdictional, it should have said so.
The second point on which I differ is I would reject Baugham’s § 851(a) challenge *298 under plain error review because he forfeited that challenge at the sentencing stage. The court cites circuit precedent obligating the government to strictly comply with § 851(a), but we have only applied that strict compliance rule to the section’s procedural requirements: those concerning filing, service, and timeliness. See Kennedy, 133 F.3d at 59 (holding that § 851(a) requires government to comply with service rules); see also United States v. Belanger, 970 F.2d 416, 418 (7th Cir. 1992), overruled on separate grounds by United States v. Ceballos, 302 F.3d 679 (7th Cir.2002) (“Strict compliance with the mandatory language of the procedural requirements of § 851 is required, especially with respect to the timing of the government’s filing with the court and serving on the defendant a notice.”).[1] We have not applied the strict rule to § 851(a)’s more elastic requirements for the substantive contents of the information. The statute allows for correction of clerical errors any time prior to the pronouncement of the sentence. See 21 U.S.C. § 851(a)(1) (“Clerical mistakes in the information may be amended at any time prior to the pronouncement of sentence.”). Further, the statute indicates that responsibility for the accuracy of the information is not the government’s alone, but is in fact shared with the defendant in a burden-shifting scheme once the defendant receives the information. After the government timely files an information, the defendant is required to make any challenges to the prior convictions in writing to the government and the court, which will then hold a hearing if any challenge raises an issue that would except the defendant from sentence enhancement. See id. § 851(c)(1) (“If the person denies any allegation of the information of prior conviction, or claims that any conviction alleged is invalid, he shall file a written response to the information.... The court shall hold a hearing to determine any issues ... which would except the person from increased punishment.”). The defendant must do this or risk forfeiting all challenges to the contents of the information once a sentence is imposed. See id. § 851(b) (“[A]ny challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.”); United States v. Beasley, 495 F.3d 142, 146, 148 (4th Cir. 2007) (“21 U.S.C. § 851 is not jurisdictional and therefore is subject to the usual rules of procedural default.... Moreover, the requirements of § 851 can be waived by defendants.”).
Applying § 851’s scheme to Baugham’s case, it is clear the government filed and served a timely information detailing Baugham’s prior convictions and therefore met the strict and mandatory procedural requirement of § 851(a). Regarding the information’s substantive compliance, it contained the latent error regarding Baugham’s name. But because neither Baugham nor his counsel contested this error prior to trial, during the trial, or during two sentencing proceedings pursuant to his duties under § 851, he forfeited his challenge to it, precluding any legal error on the part of the district court when it accepted and relied on the information. The resulting enhanced sentence is therefore impervious to attack on this point.
My third comment is not really a disagreement with the court, but a belief that one of its determinations would benefit from more explanation. I, too, would ap *299 ply a de novo standard to Baugham’s § 851(b) claim regarding the district court’s failure to grant him a proper colloquy at sentencing and resentencing even though Baugham failed to preserve this error. Our prior caselaw appears to require this, see United States v. Gaviria, 116 F.3d 1498, 1518 (D.C.Cir.1997) (per curiam) (“Legal questions relating to sentencing are reviewed de novo.”), a requirement that — as already discussed — is in tension with the general rule that all errors are subject to procedural default. It is therefore worth explaining this different treatment of § 851(b).
The procedural default rule, with its scheme of preservation and plain error review, aims to prevent parties from wasting judicial resources by eliminating the incentive to hold possible trial errors in reserve in hopes of raising them on appeal. See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 256, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981) (indicating that the plain error standard advances “interests in fair and effective trial administration”). That logic, however, does not apply to § 851(b) errors. The purpose of § 851(b) is to place the procedural onus on the district court to ensure defendants are fully aware of their rights. See United States v. Cevallos, 538 F.2d 1122, 1128 (5th Cir.1976) (“One purpose of § 851(b) is to [ejnsure that a defendant knowingly and voluntarily waives his right to challenge the previous conviction.... [A]nd its omission can result in very real prejudice to a defendant who learns only after he attempts to challenge the prior conviction that that conviction has become unassailable.”). To penalize a defendant for not alerting the district court to its failure to alert him would pervert the statute and get it exactly backward.
I recognize that Supreme Court caselaw appears to mandate plain error review for all unpreserved challenges, even when doing so would put the Federal Rules of Criminal Procedure and the U.S. Code at cross purposes. See Olano, 507 U.S. at 731, 113 S.Ct. 1770 (“Federal Rule of Criminal Procedure 52(b), which governs on appeal from criminal proceedings, provides a court of appeals a limited power to correct errors that were forfeited because not timely raised in district court.”). However, our de novo and harmlessness review in this case ultimately results in affirmance of Baugham’s sentence, the same outcome that would a fortiori result from a plain error inquiry. I therefore think that applying de novo review here serves to highlight a possible flaw in the federal standard of review doctrine, comfortable in the knowledge that the case does not turn on this question.

. This strict compliance rule is premised on a due process interest: § 851(a)'s procedural requirements ensure the defendant is aware of possible sentence enhancement as he assesses his legal options and afford him a chance to contest allegations of prior convictions. See Kennedy, 133 F.3d at 59.