In the

# United States Court of Appeals
## For the Seventh Circuit

No. 05-1848

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

TIMOTHY W. SPENCE,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 03 CR 277—**Rudolph T. Randa**, *Chief Judge.*

ARGUED FEBRUARY 16, 2006—DECIDED JUNE 13, 2006

Before BAUER, EASTERBROOK, and MANION, *Circuit Judges.*

BAUER, *Circuit Judge.* Timothy W. Spence pleaded guilty to conspiracy to distribute marijuana, conspiracy to conduct financial transactions with drug proceeds, and criminal contempt. He challenges the judgment and sentence. We affirm.

## I. Background

On January 13, 2004, the grand jury issued a superseding indictment charging Spence with three drug-related counts. Count One charged him with conspiracy to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1),

841(b)(1)(B)(vii), 846, and 18 U.S.C. § 2. Count Two charged him with attempt to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 18 U.S.C. § 2. Count Three charged him with conspiracy to conduct financial transactions, affecting interstate commerce, with the proceeds of unlawful activity, in violation of 18 U.S.C. §§ 2, 1956(a)(1)(A)(I), and 1956(a)(1)(B)(I).

On February 10, 2004, the magistrate judge entered an order requiring Spence to submit exemplars of his handwriting and handprinting. After Spence refused, the magistrate judge entered an order to show cause why Spence should not be found in contempt of court and scheduled a hearing for March 25. At the hearing, defense counsel Michael Ettinger stated that he had discussed the order with Spence, but requested a continuance to research whether the court had authority to order a defendant to submit exemplars after indictment. The court continued the hearing until April 7.

At the rescheduled hearing, Ettinger conceded the validity of the court's order. Because Spence still refused to comply, however, the magistrate judge issued a Certification of Facts Supporting a Finding of Contempt. On May 6, the district court signed an Order of Contempt finding Spence in criminal contempt and permitting the charge to be tried to a jury.

On June 10, 2004, Spence entered into a plea agreement, which included facts concerning his organization and leadership of the conspiracies. He understood and signed the agreement, in which the government expressly stated its intent to recommend an organizer/leader enhancement under U.S.S.G. § 3B1.1(a). Spence also filed objections to the Presentence Report (PSR), including one challenging the district court's authority to impose an organizer/leader enhancement after *United States v. Booker*, 543 U.S. 220 (2005). Spence pleaded guilty to Counts One and Three of

the indictment and to the criminal contempt charge. On March 17, 2005, the district court sentenced him to concurrent terms of 150 months' imprisonment. Spence appealed.

## II. Discussion

On appeal, Spence claims that: (1) he was denied effective assistance of counsel under the Sixth Amendment; (2) the district court improperly increased his criminal history category based on prior convictions; and (3) the district court improperly imposed an organizer/ leader enhancement.

## A. Ineffective Assistance of Counsel

We cautioned Spence's counsel at oral argument against raising a claim of ineffective assistance of counsel on direct review rather than in a collateral proceeding. *See United States v. Harris*, 394 F.3d 543, 557 (7th Cir. 2005). Bringing ineffectiveness claims in this posture leaves defendants with "little to gain and everything to lose," *United States v. South*, 28 F.3d 619, 629 (7th Cir. 1994) (quoting *Bond v. United States*, 1 F.3d 631, 635 (7th Cir. 1993)), because appellate courts have neither the opportunity to observe counsel's performance firsthand nor the advantage of a well-developed record concerning the attorney's motivations. *See United States v. Farr*, 297 F.3d 651, 657 (7th Cir. 2002). The Supreme Court recognized these concerns in holding that an ineffectiveness claim may be brought in a collateral proceeding even after the petitioner failed to raise the issue in a direct appeal. *See Massaro v. United States*, 538 U.S. 500, 504 (2003). In spite of these concerns, Spence's appellate counsel has resolved to pursue this claim and we will address it. *See United States v. Bradford*, 78 F.3d 1216, 1225 n.11 (7th Cir. 1996).

To prevail on an ineffectiveness claim, a defendant must show that counsel's "representation fell below an objective standard of reasonableness" under "prevailing professional norms." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The defendant must further demonstrate that counsel's deficient performance prejudiced the defense. *Id*. at 692. There is a strong presumption that counsel performed reasonably. *United States v. Traeger*, 289 F.3d 461, 470 (7th Cir. 2002) (citing *Strickland*, 466 U.S. at 690). The defendant must identify specific failures in counsel's performance which form the basis of the claim. *Id*. Spence directs us to Ettinger's mistaken belief that the court did not have the authority to compel his handwriting and handprinting exemplars. In reliance on this mistaken belief, Spence claims, he refused to comply with the order, a refusal that resulted in a criminal contempt charge.

Ettinger first appeared as counsel for Spence at the March 25 hearing. Based on his preliminary research, he believed that the court had no authority to order a defendant to submit exemplars post-indictment. After discussing the matter with his client, Ettinger requested an adjournment of the contempt hearing so that he could research the issue further. The court continued the hearing until April 7, when Ettinger conceded the court's authority to issue the order. Ettinger also then advised the court that Spence intended to invoke the Fifth Amendment, even though Ettinger "explained to him [that] handwriting is not covered by the Fifth Amendment" and the court told him that "the Fifth Amendment is not applicable under these circumstances." Although Spence claims that the error was attributable to Ettinger, these facts demonstrate that Spence decided of his own volition to invoke the Fifth Amendment against both Ettinger's advice and the court's admonition.

A counsel's misapprehension of law may constitute objectively unreasonable performance. *See Williams v.*

*Taylor*, 529 U.S. 362, 395 (2000) (finding ineffective assistance for failure to investigate "because [counsel] incorrectly thought that state law barred access to" certain records). Ettinger had an incorrect understanding of the law until at least March 25, but then went to great lengths to remedy the initial error by researching the issue, communicating with Spence, requesting and receiving an adjournment, and conducting additional research. *See Smith v. Dretke*, 417 F.3d 438, 442-43 (5th Cir. 2005) (observing that counsel's deficiency in failing "to achieve a rudimentary understanding of" the applicable law "could have been corrected with minimal legal research"). After taking the proper corrective actions, he advised Spence on April 7 that there was no legal justification for refusing to comply with the order. Beyond communicating the corrected information to Spence, Ettinger could not control Spence's course of action. *See Farr*, 297 F.3d at 659 (holding that counsel communicated sufficiently with defendant although he did not "drag [defendant] kicking and screaming into his office"). Spence received the appropriate advice and had ample opportunity, up until the May 6 district court contempt hearing, to act upon it. At the change of plea hearing, he expressed satisfaction with the representation he received. Ettinger did not perform below an objective standard of reasonableness, and Spence was not denied the effective assistance of counsel.

## B. Criminal History Category

Spence claims that the district court improperly increased his criminal history category from three to four. Once the government dismissed the 21 U.S.C. § 851 information, he argues, the district court no longer had the authority to enhance his sentence based on his prior convictions. We review *de novo* the district court's calculation of a defendant's criminal history based on prior convictions. *United States v. Roy*, 126 F.3d 953, 954 (7th Cir. 1997).

Under the statute, no person convicted "under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court. . . ." 21 U.S.C. § 851(a)(1). Spence correctly notes that the government withdrew the § 851 information, but ignores the statutory language, "under this part." The district court considered the prior convictions under the guidelines rather than under § 851. We have found that the requirements of § 851 apply "when the government seeks to enhance the maximum penalty under the recidivist provisions of that statute." *United States v. Flores*, 5 F.3d 1070, 1081 (7th Cir. 1993) (quoting *United States v. Belanger*, 970 F.2d 416, 418 n.1 (7th Cir. 1992)). The section does not apply when the district court sentences a defendant under the guidelines to an increased sentence within the statutory range. *Id*.

By agreement, the § 851 information was dismissed and Count One carried a term of imprisonment of not less than five and not more than forty years. On that count, the district court sentenced Spence to 150 months' imprisonment, well below the statutory maximum. Additionally, the district court declined to classify Spence as a career offender, as suggested by the PSR. If the government had elected to cross-appeal, his sentence would actually increase because the district court would be required to classify Spence as a career offender. *See* U.S.S.G. § 4B1.1(b) (stating that the applicable offense level from the career offender table "shall apply" if it is greater than the otherwise applicable offense level). The district court decided instead "to consider [the prior offenses] under [18 U.S.C. §] 3553." After *Booker*, the district court must consider the § 3553(a) factors in determining what sentence to impose. *United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005). A defendant's criminal history, or lack thereof, is a proper focus of the court's inquiry because it relates to several § 3553

factors. *See United States v. Baker*, 445 F.3d 987, 992 (7th Cir. 2006) (stating that the district court's consideration of defendant's lack of criminal history coincided with factors expressed in §§ 3553(a)(1) ("history and characteristics of the defendant"), (a)(2)(A) ("just punishment"), and (a)(2)(B) ("adequate deterrence")). It was not error for the district court to consider Spence's criminal history under § 3553(a).

## C. Organizer/Leader Enhancement

Finally, Spence claims that the district court erred in enhancing his sentence because he never agreed to the facts establishing his role as an organizer/leader. The district court followed the PSR recommendation that Spence's offense level should be increased by four levels pursuant to U.S.S.G. § 3B1.1(a). We review the district court's application of facts to the guidelines *de novo*. *United States v. Scott*, 405 F.3d 615, 617 (7th Cir. 2005).

The plea agreement included sufficient facts from which to impose a § 3B1.1(a) enhancement. Spence understood and signed the agreement, which expressly stated that the drug conspiracy of Count One "was organized by" him and another man. Similarly, for Count Three, the plea agreement detailed his leading role in the money laundering conspiracy, in which he: (1) used drug proceeds to arrange for the drugs' transport by airplane; (2) used drug proceeds to obtain airline tickets used in the conspiracy; and (3) directed at least three others to transfer funds for use in the conspiracy. The agreement additionally notified Spence that the government intended to recommend the enhancement, although Spence did not join in the recommendation.

The same facts appeared in the PSR, to which he objected only on the basis that he did not agree "in the Plea Agreement to this enhancement, it is not alleged in the indictment[,] and a jury was not waived as to this issue." His

objection, then, related not to the facts establishing his role as an organizer/leader, but to the district court's post-*Booker* authority to impose the enhancement. At the sentencing hearing, Spence again did not object to the facts, although the court gave him the opportunity to do so.

Spence argues for the first time on appeal that the language used at sentencing contradicted the district court's imposition of the enhancement. The court stated that, if the case proceeded to trial, the government would need to prove that Spence "knowingly became a member of that conspiracy." Proving that he was a member of the conspiracy, Spence argues, necessarily implies that he was not an organizer or leader of it. With this argument, Spence attempts to transform the word "member," used casually by the district court, into a term of art that precludes the possibility of an enhancement for his aggravated role. The guideline section, however, does not mention the word "member." *See* U.S.S.G. § 3B1.1. It certainly does not delineate between an organizer/leader and a member, as it does between an organizer/leader and a manager/supervisor. *See id.* We decline to impute such profound meaning to the district court's offhand choice of words.

Spence's only objection, then, is a legal one: he claims that his sentence violated the Sixth Amendment because the district court rather than a jury imposed the enhancement. *Booker* and its progeny, however, "do not foreclose judicial factfinding in the sentencing context, nor do they dictate that judges must find those facts beyond a reasonable doubt." *United States v. Bryant*, 420 F.3d 652, 656 (7th Cir. 2005). Rather, "a Sixth Amendment problem emerges if judicial factfinding results in a sentence exceeding the statutory maximum, for example, or if such factfinding requires a particular sentence in the context of a mandatory sentencing guidelines scheme." *Id.* As neither of those circumstances is present here, the district court properly made the findings and imposed the enhancement.

### III.  Conclusion

For the foregoing reasons, we AFFIRM the judgment of the district court.

A true Copy:

      Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*