**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 16, 2006[*]
Decided August 17, 2006

**Before**

Hon. THOMAS E. FAIRCHILD, *Circuit Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

No. 06-2253

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois |
| v. | No. 05-CR-30160-01-WDS |
| STEVIE LAMAR BROWN, *Defendant-Appellant.* | William D. Stiehl, *Judge.* |

**O R D E R**

Stevie Brown was convicted and sentenced to 156 months' imprisonment after he pleaded guilty to bank robbery. On appeal he argues that the district court violated the Sixth Amendment when it sentenced him as a career offender even though a jury had not found the fact of his underlying convictions beyond a reasonable doubt. But Brown also acknowledges that this contention is contrary to our precedent and raises the issue before us merely to preserve it for Supreme Court review. We affirm.

---

[*]Although oral argument was originally granted in this case, the appellant, with no objection from the government, moved to waive oral argument. Thus the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(f).

The facts are undisputed. A grand jury charged Brown with taking by force, violence, and intimidation approximately $3,097 from the Regions Bank of Cahokia, Illinois. *See* 18 U.S.C. § 2113(a). The indictment did not mention any prior convictions. Brown's presentence investigation report, however, disclosed two prior convictions—armed robbery and sale of a controlled substance—that qualified as "crimes of violence" under U.S.S.G § 41B.2. Based on those convictions, the probation officer recommended that Brown be sentenced as a career offender, *see* U.S.S.G. § 41B.1, which increased the low end of his recommended imprisonment range under the guidelines from 57 to 151 months. Brown objected that the district court was not permitted to increase his guidelines range based upon prior convictions that were not pleaded in the indictment and either admitted by him or proved to a jury beyond a reasonable doubt. The district court rejected Brown's argument, explaining that "the Defendant's past criminal history need not be submitted to a jury for a finding beyond a reasonable doubt," and sentenced him within the higher guidelines range but well below the statutory maximum.

On appeal Brown challenges the judicial fact finding that resulted in an increase to his recommended guidelines imprisonment range. Relying primarily on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), Brown argues that any fact that increases a defendant's "maximum sentence" must be pleaded in the indictment or proved to a jury beyond a reasonable doubt. Although he acknowledges that the fact of a prior conviction is excepted under *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), he contends nonetheless that, in light of the Supreme Court's decisions in *Apprendi*, *United States v. Booker*, 543 U.S. 220 (2005), and *Shepard v. United States*, 544 U.S. 13 (2005), "the prior conviction exception in *Almendarez-Torres* is no longer based on sound principles." Thus, he says, the district court was not permitted to increase his guidelines range under U.S.S.G. § 41B.1 absent a jury determination that he had the requisite number of prior felony convictions to be sentenced as a career offender.

Brown's reliance on *Apprendi* and any erosion of the principles expressed in *Almendarez-Torres* is misplaced. The restrictions on judicial fact finding articulated in *Apprendi* do not foreclose judicial fact finding in the application of the sentencing guidelines. *See United States v. Spence,* 450 F.3d 691, 696-97 (7th Cir. 2006); *United States v. Bryant*, 420 F.3d 652, 656 (7th Cir. 2005). And despite dicta in subsequent cases concerning the continuing viability of the prior convictions exception set forth in *Almendarez-Torres*, the Court restated in *Apprendi,* and more recently in *Booker*, that the exception remains alive and well. *Booker,* 543 U.S. at 244; *Apprendi*, 530 U.S. at 490. Sentencing judges may run afoul of the Sixth Amendment only when they find facts, other than the fact of a prior conviction, that increase a criminal defendant's punishment beyond the amount prescribed by statute for the offense of conviction. *Spence*, 450 F.3d at 697; *Bryant*, 420 F.3d at 656. But in this case Brown's conviction under 18 U.S.C. § 2113(a) carried a

statutory maximum of 20 years imprisonment, yet he was sentenced to only 13 years.

AFFIRMED.