UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted September 6, 2006
Decided September 11, 2006

Before

**Hon.** FRANK H. EASTERBROOK, Circuit Judge

**Hon.** DANIEL A. MANION, Circuit Judge

**Hon.** TERENCE T. EVANS, Circuit Judge

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee,*<br><br>No. 06-1533     **v.**<br><br>MICHAEL FADEYI,<br>*Defendant-Appellant.* | | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 00 CR 153<br>Matthew F. Kennelly, *Judge.* |

**Order**

Fadeyi's conviction and most of his sentence were affirmed in 2004, although we remanded for reconsideration of the forfeiture order. Before the appeal from the revised sentence could be resolved, the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005), which led us to ask the district court whether recognition of additional discretion would have affected the sentence. An affirmative answer led to another remand and a reduction in the term of imprisonment from 151 to 132 months. Fadeyi has filed a third appeal.

The only argument now advanced is that, even though *Booker* reduced the Sentencing Guidelines to advisory status, the district court must use a reasonable-doubt standard when resolving any contested factual issue. That argument is inconsistent with the intellectual foundations of *Booker*, which held that the Constitution requires an elevated standard (and an opportunity, here waived, for decision by a jury) on disputes that raise the "statutory maximum

sentence." The remedial portion of *Booker* removed the Guidelines from the set of matters that can change the statutory maximum. The burden of persuasion in federal sentencing accordingly is the preponderance of the evidence. See, e.g., *United States v. Bryant*, 420 F.3d 652, 656 (7th Cir. 2005); *United States v. Spence*, 450 F.3d 691, 697 (7th Cir. 2006).

                                                                                                              Affirmed