**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 15, 2006
Decided November 28, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 06-2724

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, <br><br> v. <br><br> CEDRIC HAYES, <br> *Defendant-Appellant*. | Appeal from the United States District Court for the Eastern District of Wisconsin <br><br> No. 05-CR-71 <br><br> Rudolph T. Randa, <br> *Chief Judge.* |

**O R D E R**

Police officers in Milwaukee, Wisconsin, searched the home of Cedric Hayes pursuant to a warrant and found a small amount of crack packaged for distribution. Hayes pleaded guilty to possessing the crack with intent to distribute. *See* 21 U.S.C. § 841(a)(1). As part of his plea agreement, Hayes waived the right to appeal his sentence except to the extent that it exceeded the statutory maximum, was based upon an unconstitutional factor, or resulted from constitutionally deficient performance by trial counsel. The district court sentenced him to 46 months' imprisonment and three years' supervised release. Hayes filed a notice of appeal, but his appointed lawyer has moved to withdraw because she cannot discern a nonfrivolous argument for appeal. *See Anders v. California*, 386 U.S. 738 (1967). Counsel's supporting brief is facially adequate, and Hayes has not responded to counsel's motion, *see* Cir. R. 51(b), so we limit our review of the record to the

potential issues counsel has identified. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997).

In her brief counsel first examines whether Hayes might challenge the voluntariness of his guilty plea. But counsel has not indicated that Hayes wishes to withdraw his plea, and we have held that a lawyer making an *Anders* submission should not even explore questions about a guilty plea unless the defendant wants the plea set aside. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel next considers whether Hayes could argue that his appeal waiver is unenforceable. The waiver stands with the guilty plea, *see United States v. Whitlow*, 287 F.3d 638, 640 (7th Cir. 2002), so it bars any challenge to Hayes's sentence unless one of the explicit exemptions applies. We agree with counsel that, on this record, no argument for exemption could be made. Hayes could have received up to 20 years for possessing crack with intent to distribute, *see* 21 U.S.C. § 841(b)(1)(C), thus a sentence of 46 months' confinement is well within the statutory maximum. And as counsel emphasizes in her brief, the district court based Hayes's sentence, not on an unconstitutional factor, but on his criminal record, the nature of his offense, and other permissible determinants specific to Hayes. Finally, any claim that trial counsel was ineffective would best be raised in a collateral proceeding where the record could be fully developed. *See Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. Spence*, 450 F.3d 691, 694 (7th Cir. 2006). Accordingly, any attempt to evade the appeal waiver would be frivolous, thus making any potential arguments about Hayes's sentence equally frivolous.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.