**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 14, 2007
Decided February 15, 2007

**Before**

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 06-3027

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     *Plaintiff-Appellee*, <br><br>     *v.* <br><br> MARIO L. KAISER, <br>     *Defendant-Appellant*. | Appeal from the United States District Court for the Southern District of Illinois. <br><br> No. 05-CR-30008-01-WDS <br><br> William D. Stiehl, <br> *Judge*. |

**O R D E R**

After he held up a bank in Alton, Illinois, Mario Kaiser pleaded guilty to bank robbery. *See* 18 U.S.C. § 2113(a). His written plea agreement includes a waiver of the right to appeal his conviction or sentence except that Kaiser reserved the right to challenge as unreasonable any term of imprisonment above the guidelines range calculated by the district court. The court calculated a guidelines imprisonment range of 168 to 210 months after concluding that Kaiser is a career offender, *see* U.S.S.G. § 4B1.1, and sentenced him to 168 months. Kaiser nevertheless insisted that the clerk of court file a notice of appeal on his behalf, *see* Fed. R. Crim. P. 32(j)(2), but the government promptly moved to dismiss based on the appeal waiver. Kaiser's appointed counsel responded to the government's motion by moving to withdraw under *Anders v. California,* 386 U.S. 738 (1967), stating that he can not discern any nonfrivolous arguments to pursue. Kaiser filed

a response opposing his attorney's submission, *see* Cir. R. 51(b), and has moved for the appointment of new counsel. Our review is limited to the potential issues identified in counsel's facially adequate brief and in Kaiser's response. *See United States v. Schuh,* 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first considers arguing that Kaiser's guilty plea was not knowing and voluntary. But counsel informs us that Kaiser does not wish to have his guilty plea set aside, so counsel properly does not explore potential challenges to the plea. *See United States v. Knox,* 287 F.3d 667, 671-72 (7th Cir. 2002). And because the appeal waiver stands or falls with the guilty plea, Kaiser is necessarily bound by his appeal waiver. *See United States v. Lockwood,* 416 F.3d 604, 607 (7th Cir. 2005); *United States v. Whitlow,* 287 F.3d 638, 640 (7th Cir. 2002). Because Kaiser's prison sentence falls within the guidelines range as calculated by the district court, counsel correctly concludes that the appeal waiver renders frivolous any other challenge to the sentence imposed.

In his response, Kaiser asserts that his trial counsel was ineffective for not explaining the plea agreement to him and leading him to believe that the agreement reserved his right to argue that he should not have been sentenced as a career offender. Kaiser's assertion contradicts his statement in the plea agreement that he was fully satisfied with the representation he received from his trial counsel. In any event, ineffective assistance of counsel arguments are better saved for collateral proceedings under 28 U.S.C. § 2255 where the record can be fully developed. *See Massaro v. United States,* 538 U.S. 500, 504-05 (2003); *United States v. Spence,* 450 F.3d 691, 694 (7th Cir. 2006).

Accordingly, we GRANT counsel's motion to withdraw, DENY Kaiser's motion to appoint substitute counsel, and DISMISS the appeal.