NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 9, 2013
Decided May 10, 2013

**Before**

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 12-3918

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff–Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 12-CR-40070-JPG |
| JEFFREY D. GLASS, *Defendant–Appellant.* | J. Phil Gilbert, *Judge.* |

**O R D E R**

Jeffrey Glass downloaded child pornography from the Internet and stored the images on his computer. A police officer investigating cyber crimes traced to Glass's computer child pornography being shared online, which prompted state authorities to obtain a search warrant for his house and computer. Glass was present during the search and confessed to downloading and saving the videos that were found online and traced to his computer. He was arrested and charged in federal court with possessing child pornography, 18 U.S.C. § 2252A(a)(5)(B). Glass pleaded guilty without a plea agreement.

At sentencing the district court calculated a total offense level of 30, which includes upward adjustments totaling 15 levels, *see* U.S.S.G. § 2G2.2(b)(2), (3)(F), (4), (6), and (7)(D), and a 3-level reduction for acceptance of responsibility, *id.* § 3E1.1. With a criminal-history category of I, Glass faced a guidelines imprisonment range of 97 to 121 months, capped at

120 months by the statutory maximum, 18 U.S.C. § 2252A(b)(2). The district court sentenced him to 108 months, to be followed by 10 years of supervised release. Glass has filed a notice of appeal, but his appointed lawyer believes the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Glass has not responded to counsel's motion. *See* 7TH CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel first informs us that Glass does not want to challenge the validity of his guilty plea and thus appropriately omits discussion about the plea colloquy or Glass's decision to plead guilty. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671–72 (7th Cir. 2002).

Next, Glass's lawyer, who also represented him in the district court, briefly mulls a claim that she performed deficiently at sentencing. Though counsel has not identified any flaw in her assistance, she cannot be expected to challenge her own performance. *See United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003). And even assuming some prejudicial error on her part, counsel correctly concludes that this claim is better left for collateral attack. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Spence*, 450 F.3d 691, 694 (7th Cir. 2006).

That leaves only a potential claim that Glass's prison sentence is unreasonable, an argument that counsel properly concludes would be frivolous. The district court correctly calculated the guidelines range, based on Glass's offense level and criminal history, and heard sentencing requests from both parties. The court then imposed a term in the middle of the guidelines range, a sentence that we presume is reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Smith*, 562 F.3d 866, 873 (7th Cir. 2009). Counsel has not identified any reason to set aside this presumption, and neither can we. The district court discussed various sentencing factors from 18 U.S.C. § 3553(a), including Glass's personal characteristics, the seriousness of his crime, and the societal goals of deterring Glass from crime and protecting the public.

Counsel's motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.