UNITED STATES of America, Plaintiff–Appellant, Plaintiff–Appellee/Cross–Appellant,

v.

Kenneth KING; Kewin King, Defendants–Appellees,

Kewin King, Defendant–Appellant/Cross–Appellee.

Nos. 96–3075, 96–3584 and 96–3666.

United States Court of Appeals, Sixth Circuit.

Argued June 2, 1997.

Decided Sept. 25, 1997.

David A. Sierleja (argued and briefed), Office of the U.S. Attorney, Cleveland, OH, for Plaintiff–Appellant in 96–3075, Plaintiff–Appellee/Cross–Appellant in 96–3584, 96–3666.

James R. Willis (briefed), Willis, Blackwell & Rogers, Cleveland, OH, Donald J. O'Connor (argued and briefed), Cleveland, OH, for Defendant–Appellee Kenneth King in 96–3075.

David C. Jack (argued and briefed), Sremack & Jack, Akron, OH, for Defendant–Appellant/Cross–Appellee Kewin King in 96–3584, 96–3666.

David L. Grant (briefed), Grant & O'Malley, Cleveland, OH, for Defendant–Appellee Kewin King in 96–3075.

Before: MARTIN, Chief Judge; RYAN and BATCHELDER, Circuit Judges.

BATCHELDER, J., delivered the opinion of the court, in which RYAN, J., joined. BOYCE F. MARTIN, Jr., C.J. (pp. 490–491), delivered a separate dissenting opinion.

BATCHELDER, Circuit Judge.

The government appeals the district court's order suppressing 443 grams of cocaine base that police seized from the basement of the two-family dwelling unit in which

defendants Kenneth and Kewin King lived. Kewin King appeals his conviction for possession with intent to distribute cocaine base. The government appeals Kewin King's sentence. For the following reasons, we **VACATE** the district court's suppression order, **AFFIRM** Kewin King's conviction, **VACATE** Kewin King's sentence, and **REMAND** this action to the district court for further proceedings.

## I. STATEMENT OF FACTS AND CASE HISTORY

On October 31, 1995, members of the Federal Bureau of Investigation's Caribbean Gang Task Force obtained a warrant to search 1437 East 116th Street, Cleveland, Ohio, for drugs, drug paraphernalia, and weapons. The warrant authorized a search of the "premises, curtilage, containers, and persons therein" at a location described as "1437 East 116th Street, Cleveland, Cuyahoga County, Ohio, and being more fully described as the downstairs unit in a two-family, two and one half story, white wood[-]sided dwelling with green trim."

Although the record is sparse, it appears that the "downstairs unit" is a five-room apartment consisting of a front room, two bedrooms, a kitchen, and a bathroom. One bedroom and the kitchen are located in the rear of the apartment. There is a door in the kitchen that leads to a common hallway. The hallway contains a door that leads into the building's basement. A person cannot directly access the basement from the downstairs unit. Defendants Kenneth and Kewin King lived in the downstairs unit.

On November 1, members of the Task Force executed the warrant. As the agents entered the downstairs unit, they observed defendants standing near the kitchen. Kenneth ran to the second floor but was apprehended by one of the agents. Both defendants were subsequently secured in the downstairs unit.

The officers searched the downstairs unit and found 60.6 grams of cocaine base in one bedroom and 16.65 grams in the other bedroom. One of the agents exited the downstairs unit and searched the building's basement where he discovered 443 grams of cocaine base.

On November 20, 1995, a federal grand jury returned a three-count indictment against defendants. Count one charged Kewin King and Kenneth King with possession with intent to distribute 443 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). Count two charged Kewin King with possession with intent to distribute 60.6 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). Count three charged Kenneth King with possession with intent to distribute 16.65 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). Each count had a corresponding "schoolyard provision" in accordance with 21 U.S.C. § 860.

Prior to trial, defendants filed various motions to suppress. One of these motions challenged the search warrant and its underlying affidavit, alleging that it was issued without probable cause. Kewin King also moved for a separate trial.

After conducting a hearing, the district court denied the motions to suppress. The court granted Kenneth's motion for a separate trial and ordered Kenneth's trial to begin on January 22, 1996, and Kewin's trial to begin on February 6, 1996.

After ruling on defendants' motions, the district court, *sua sponte*, raised the issue of whether the search of the basement exceeded the scope of the warrant. The court invited supplemental briefing on this issue. Defendants subsequently moved to suppress the 443 grams of cocaine base seized from the basement. The court granted the motion without conducting an evidentiary hearing.

On January 19, the government filed an interlocutory appeal to this court. The government also moved the district court to stay or continue Kenneth King's trial pending review of the suppression order by this court. The district court granted a continuance. The court also rescheduled Kewin King's trial to begin on January 22, the date on which Kenneth's trial originally was scheduled. The government therefore filed an emergency motion to stay Kewin's trial with this court, which we denied.

On January 22, Kewin moved for a continuance. The district court summarily denied this motion. The case proceeded to trial as scheduled, and on January 23 the jury found Kewin guilty. The government sought to enhance Kewin's sentence pursuant to 21 U.S.C. § 841(b)(1)(A) based on his prior Ohio state court conviction for felony drug trafficking. The district court refused to enhance Kewin's sentence, however, because the government failed to comply with the notice provisions of § 21 U.S.C. § 851(a). The court sentenced Kewin to 188 months imprisonment.

On appeal, the government challenges the district court's suppression order and the court's refusal to enhance Kewin's sentence. Kewin appeals the denial of his motion for a continuance and raises an ineffective assistance of counsel claim.

## II. DISCUSSION

### A.

■ The district court suppressed the 443 grams of cocaine base seized from the basement of the two-family housing unit in which defendants lived, concluding that the search warrant did not authorize the agents to search that area. The government challenges this ruling, arguing that the basement was part of the "downstairs unit" described in the warrant. In the alternative, the government argues that the evidence is admissible pursuant to the good-faith exception enunciated in *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

The court, *sua sponte*, raised the issue of whether the search of the basement exceeded the scope of the warrant. Although it invited the parties to submit supplemental briefs on this issue, the court did not hold an evidentiary hearing. Therefore, the record contains only sparse references to facts essential to the resolution of this issue. For example, the record does not sufficiently describe the exact configuration of the two-family dwelling unit in which defendants lived. Nor does it contain facts explaining who had access to the basement and by what means. Without such facts, it is impossible for us to address either the government's contention that the basement was part of the "downstairs unit" for purposes of the search warrant or that the search of the basement is subject to the *Leon* exception. Moreover, based on the statements of counsel during oral argument, it is unclear whether defendants have a legitimate expectation of privacy in the building's basement or whether defendants even have standing to challenge the search.

Because the record is inadequately developed, we cannot determine whether the district court erred in suppressing the evidence seized from the basement. We therefore vacate the suppression order and remand this issue to the district court for an evidentiary hearing and further consideration in light of the concerns raised above.

### B.

■ After the district court granted Kewin's motion for a separate trial, the court scheduled Kenneth's trial to begin on January 22, 1996, and Kewin's trial to begin on February 6. On January 19, however, the court granted the government's motion to continue Kenneth's trial. Because the court's docket included six other criminal trials, of which the court could hear only Kewin's case during the week of January 22, the court rescheduled Kewin's trial to begin on January 22.

Kewin moved for a continuance immediately before his trial was to begin. Kewin stated that his counsel was unprepared and needed additional time to draft adequate voir dire questions and jury instructions, research potential legal issues, and consult with Kewin. Kewin explained that counsel originally planned to do the "brunt" of his trial preparation during the weeks of January 22 and January 29.

The district court summarily denied Kewin's motion. Kewin argues that this ruling deprived him of due process. ·

■ We review the district court's denial of a motion for a continuance for an abuse of discretion. *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S.Ct. 841, 849–50, 11 L.Ed.2d 921 (1964); *United States v. Gallo*, 763 F.2d 1504, 1523 (6th Cir.1985). The denial of a

defendant's motion for a continuance " 'amounts to a constitutional violation only if there is an unreasoning and arbitrary "insistence upon expeditiousness in the face of a justifiable request for delay." To demonstrate reversible error, the defendant must show that the denial resulted in actual prejudice to his defense.' " *Gallo,* 763 F.2d at 1523 (quoting *United States v. Mitchell,* 744 F.2d 701, 704 (9th Cir.1984)); *see also United States v. Moreno,* 933 F.2d 362, 371 (6th Cir.1991) (stating that defendant must show actual prejudice); *United States v. Martin,* 740 F.2d 1352, 1360–61 (6th Cir.1984) (same). The defendant demonstrates "actual prejudice" by showing that a continuance would have made relevant witnesses available or added something to the defense. *See, e.g., United States v. Frost,* 914 F.2d 756, 765 (6th Cir.1990) (citing *United States v. Wirsing,* 719 F.2d 859, 866 (6th Cir.1983)).

Kewin has not shown actual prejudice. Indeed, Kewin has wholly failed to explain what counsel would have done differently had the district court granted the continuance. For example, although Kewin claimed that counsel needed additional time to draft "adequate" voir dire questions, he did not explain in what way the voir dire questions that counsel used were deficient. Similarly, Kewin never delineated the "potential legal issues" counsel needed to research or why additional consultations were necessary. Kewin does not argue that the district court's ruling denied him an opportunity to conduct adequate discovery or contact potential witnesses. Further, Kewin's trial did not involve complex legal or factual issues. *See Gallo,* 763 F.2d at 1524 (looking at the complexity of the case). The district court did not abuse its discretion.

**C.**

■ Kewin asserts that we must reverse his conviction because he was denied effective assistance of counsel. As a general rule, we will not review a claim of ineffective assistance that is raised, as here, on direct appeal. *United States v. Daniel,* 956 F.2d 540, 543 (6th Cir.1992) (citations omitted). "Ineffective assistance of counsel claims are best brought by a defendant in a post-convic-

tion proceeding under 28 U.S.C. § 2255 so that the parties can develop an adequate record on the issue." *Id.* (citation omitted). There is a narrow exception to this general rule, however. We may consider an ineffective assistance claim on direct appeal when the record is adequate to assess the merits of the claim. *United States v. Wunder,* 919 F.2d 34, 37 (6th Cir.1990).

Because the record here is not sufficiently developed, we will apply the general rule and refrain from passing on this alleged constitutional deficiency.

**D.**

■ The government sought to enhance Kewin King's sentence pursuant to 21 U.S.C. § 841(b)(1)(A) based on Kewin's prior conviction for felony drug trafficking in Ohio state court. The government was therefore required to comply with the notice provisions of 21 U.S.C. § 851. That section states in relevant part:

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial ... the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.... Clerical mistakes in the information may be amended at any time prior to the pronouncement of sentence.

21 U.S.C. § 851(a)(1). The requirements delineated in § 851 are mandatory, and a district court cannot enhance a defendant's sentence based on a prior conviction unless the government satisfies them. *United States v. Williams,* 899 F.2d 1526, 1529 (6th Cir.1990) (citing *United States v. Noland,* 495 F.2d 529, 533 (5th Cir.1974)); *see also United States v. Vanness,* 85 F.3d 661, 663 n. 2 (D.C.Cir.1996) ("A prosecutor's compliance with § 851(a)(1) is simply a necessary condition to a judge's imposing an enhanced sentence on the basis of a defendant's prior convictions."). The sufficiency of an § 851 information is a question of law that we review *de novo. United. States v. Steen,* 55

F.3d 1022, 1025 (5th Cir.), *cert. denied,* ── U.S. ──, 116 S.Ct. 577, 133 L.Ed.2d 500 (1995) (citation omitted).

▮▮▮ The government timely filed its information before voir dire at 8:19 a.m. on the day of trial. *See United States v. McAllister,* 29 F.3d 1180, 1183 (7th Cir.1994) ("All circuits interpreting 'before trial' have concluded it means before *voir dire,* and we agree.") (citations omitted). That information states in relevant part:

The prior conviction upon which the United States will rely is:

1. That on or about September 17, 1995, in the Court of Common Pleas of Cuyahoga County, Ohio, Kewin King was convicted of trafficking in drugs, a felony drug trafficking crime.

During voir dire, the Assistant United States Attorney received a copy of the conviction and realized that the government had incorrectly listed the date of conviction in the information. The government therefore filed a second information at 11:19 a.m. That information states:

The prior conviction upon which the United States will rely is:

1. That on or about October 26, 1995, in the Court of Common Pleas of Cuyahoga County, Case Number CR 326636, in violation of the Ohio Revised Code Section 2925.03, Kewin King was convicted of trafficking in drugs, a felony drug trafficking crime.

At sentencing, the district court ruled that the government had not complied with the terms of § 851(a)(1), and therefore refused to enhance Kewin's sentence based on his prior drug conviction in Ohio state court. The district court explained that the government's original information was deficient because it set forth the wrong date of conviction. The court refused to consider the second information because it ruled that § 851(a)(1)'s "clerical mistake" provision was inapplicable and therefore, because the government filed it after voir dire, the second information was untimely.

The government contends that the incorrect date of conviction in the original information was the result of a clerical mistake.

Therefore, the government argues, under the express language of § 851(a)(1), it was allowed to amend the original information at any time prior to the pronouncement of Kewin's sentence. This is a question of first impression in our circuit.

Section 851 does not define the phrase "clerical mistake." Moreover, few federal courts have interpreted and applied § 851's clerical mistake provision. Indeed, our research has revealed only one case addressing § 851's requirements under facts similar to those presented by the instant case. In *United States v. Gonzalez–Lerma,* 14 F.3d 1479, 1482 (10th Cir.1994), the government filed its § 851 information with the court on the day before trial, but did not serve it on defense counsel until the morning of trial. The information stated:

The United States of America ... files this Information as required by 21 U.S.C. § 851, stating that it intends to rely upon the following previous conviction of the defendant in matters relating to sentencing in the above entitled case:

Possession of a controlled substance, California, June 18, 1988.

*Id.* at 1482 n. 2.

During sentencing, the defendant argued that the district court could not enhance his sentence because the information was untimely and did not describe the prior conviction in sufficient detail. The district court refused to enhance the defendant's sentence, but for reasons not relevant to our case. The government appealed. *Id.* at 1482.

In addressing the defendant's challenge to the information's specificity, the court noted that "[d]ue process requires that a defendant 'receive reasonable notice and opportunity to be heard relative to the recidivist charge even if due process does not require that notice be given prior to trial on the substantive offense.'" *Id.* at 1485 (quoting *Oyler v. Boles,* 368 U.S. 448, 452, 82 S.Ct. 501, 503–04, 7 L.Ed.2d 446 (1962)). Section 851, the court stated, was designed to fulfill this due process requirement. *Id.* (citing *United States v. Belanger,* 970 F.2d 416, 418 (7th Cir.1992)). Therefore, the proper inquiry is whether the government's information provided the de-

fendant "reasonable notice of [its] intent to rely on a particular conviction and a meaningful opportunity to be heard." *Id.* (citing *Belanger,* 970 F.2d at 418–19). Because the information detailed the offense (possession of a controlled substance) and the location and date of conviction (California, June 18, 1988), and because defense counsel had other material regarding this conviction available to him prior to trial, the court held that the information provided sufficient notice under § 851(a). The court specifically rejected the defendant's assertion that the information was defective because it contained the wrong date of conviction and did not include the case number. The court reasoned that the incorrect date was the result of a clerical error subject to correction pursuant to the clerical mistake provision of § 851 and that a case number was not necessary because § 851 does not require its inclusion.[1] *Id.* at 1486. The court therefore remanded defendant's case for resentencing.

The Fourth Circuit also has considered the clerical mistake provision of § 851. In *United States v. Campbell,* 980 F.2d 245, 247 (4th Cir.1992), the information stated that the government would seek to enhance the defendant's sentence pursuant to 21 U.S.C. § 841(b)(1)(C) based on the defendant's prior conviction in Virginia state court. After conviction, but prior to sentencing, the government moved to amend its original information to state that the government sought enhancement under § 841(b)(1)(B), which mandates a ten-year minimum sentence. The Fourth Circuit, applying § 851's clerical mistake provision, rejected the defendant's argument that the government was bound by its original information. *Id.* at 252. The court noted that the defendant was not prejudiced by the amendment because the information gave the defendant reasonable notice of the government's intent to seek enhancement. *Id.*

We believe that the district court erred in ruling that the government's information is deficient. The district court should have allowed the government to amend its original information to include the correct date of

Kewin's conviction under § 851's clerical mistake provision.

Police arrested Kewin for the Ohio drug trafficking charge on September 17, 1994. He was convicted on October 26, 1995. The original information, however, lists the date of conviction as September 17, 1995. It appears that the individual who drafted this information erroneously copied the month and day of Kewin's arrest when listing the date of Kewin's prior conviction. In our opinion, this is the type of error that § 851's clerical mistake provision was designed to alleviate.

 Today's holding is consistent with the purpose of § 851. Section 851 was designed to satisfy the requirements of due process and provide the defendant with "reasonable notice and an opportunity to be heard regarding the possibility of an enhanced sentence for recidivism." *United States v. Belanger,* 970 F.2d 416, 418 (7th Cir.1992) (citing *Oyler v. Boles,* 368 U.S. 448, 452, 82 S.Ct. 501, 503, 7 L.Ed.2d 446 (1962)). Kewin had such notice. The original information sets out the specific conviction (felony drug trafficking) and the state court where Kewin was convicted (Court of Common Pleas of Cuyahoga County). Kewin has only one prior drug trafficking conviction—the one described in the information—and that is also the only time that Kewin has been before the Cuyahoga Court of Common Pleas as an adult. Further, it is undisputed that prior to trial the prosecuting attorney and defense counsel discussed the potential enhancement, including the offense upon which it would be based.

We recognize the importance of applying § 851 so as to ensure that the government provides the defendant with adequate notice of its intent to seek a sentence enhancement based on prior convictions. We recognize as well the importance of interpreting § 851's notice requirements so as to avoid elevating form over substance. We therefore reverse the district court's order precluding the § 851 enhancement.

---

1. The correct date of the prior conviction was June 13, 1988, not June 18. *Id.* at 1486 n. 4.

**490**

### III. CONCLUSION

For the foregoing reasons, we **VACATE** the district court's suppression order, **AFFIRM** Kewin King's conviction, and **VACATE** Kewin King's sentence. We therefore **REMAND** this action to the district court for further proceedings consistent with this opinion.

BOYCE F. MARTIN, JR., Chief Judge, dissenting.

The purpose of section 851 is to provide a defendant with reasonable notice of the government's intent to rely on a particular prior conviction for sentencing purposes, thereby providing the defendant time to plan trial strategy with full knowledge of the consequences of a guilty verdict. Although section 851 "does not specify the particular form which notice of enhancement must take . . .", *United States v. Belanger*, 970 F.2d 416, 419 (7th Cir.1992), reason dictates that the section does not contemplate notices that, in practice, defeat its primary objective.

In direct contravention of the purpose of § 851, the government failed to provide King with reasonable notice of its intention to rely upon his prior conviction. The first Information contained an admitted mistake and it was filed only minutes before trial, potentially compounding the prejudice of the erroneous date. The law is clear that the only way for the government to prevail is for it to establish that the error in the first Information was a clerical mistake. Yet, the government chose to rely on other circuits' definitions of a clerical mistake rather than offering any explanation or proof that the mistake was inadvertent. Although the government did explain that it corrected the Information when, on the first day of trial, it received a certified copy of the conviction described, it failed to explain why it did not already have a copy of the conviction or where it obtained the facts about the conviction that it included in its initial Information. Given the circumstances, the district court was correct in demanding strict compliance with section 851.

I would also reverse the district court's denial of King's motion to continue the trial. The district court judge gave only one-half business day's notice of the new trial date, even though Kewin King's conviction could result in a sentence in excess of twenty years. Both King's counsel and the government filed timely motions for continuance, yet the district court summarily denied the motions without giving any reason for the new trial date or for why King's trial could not be held at a later time. King and his counsel had been expecting trial to begin on February 6 when they suddenly learned, on Friday, January 19, that trial would begin on Monday, January 22.

There is ample evidence to suggest that the district court abused its discretion in denying King's motion for continuance. The decision to move up the trial date was arbitrary; the judge neither explained why King could not retain his original trial date nor why he saw fit to accelerate past two weeks of his docket. The decision was also unreasonable. Such a dramatic change made at a moment's notice misled King and his counsel to believe that they would have an additional two weeks to prepare for trial. Finally, King was prejudiced by the alteration to the calendar. King's counsel did not, by his own admission, prepare adequate voir dire questions, jury instructions, legal research, or client consultations. Because continuance would have allowed King's counsel to make necessary preparations for trial, it seems clear that King has satisfied the standards set in *United States v. Frost*, 914 F.2d 756, 765 (6th Cir.1990) and other relevant decisions of this court.