NOT RECOMMENDED FOR PUBLICATION
File Name: 05a0467n.06
Filed: June 6, 2005

NO. 04-1504

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| BROOK BYRON ELLIS, | ) | |
| | ) | |
| | ) | |
| Defendant-Appellant, | ) | |

_____

BEFORE: DAUGHTREY and GILMAN, Circuit Judges, and RICE,[*] District Judge.

**PER CURIAM.**  The defendant , Brook Byron Ellis, appeals from the district court's

order finding that he was in violation of two conditions of his supervised release and

sentencing him to 11 months' incarceration.  At the revocation hearing in the district court,

Ellis pleaded guilty to charges both that he had been arrested and convicted of assault and

battery in state court and that he had failed to report the arrest to his probation officer in a

timely manner.  Despite the guilty pleas, Ellis claims on appeal that he was "denied due

process rights in the underlying supervised release revocation hearing when the [district]

_____

[*]Hon. Walter Herbert Rice, United States District Judge for the Southern District of Ohio, sitting by designation.

court refused to allow or consider witness testimony to support his contention that a crime was not committed and that the circumstances did not warrant revocation of supervised release." We find no due process violation and affirm.

Ellis had been convicted of bank robbery, completed his sentence of 151 months, and was released to serve three years of supervised release. He returned home to live with his ex-wife and their four children. During the children's Christmas vacation some three months after Ellis's release from prison, he became involved in an argument with his 18-year-old son that escalated into a physical altercation when, according to a statement given to police by the defendant's daughter, the defendant said to his son, "Let's take this outside." Out in the yard, the daughter saw her father hit her brother, striking him in the face and the stomach, and called police. She later told them that the defendant had come back into the house, grabbed a steak knife and a metal pipe, and headed outdoors. Fortunately, the defendant's son had left the yard, ending the altercation before the police arrived on the scene. They nevertheless arrested the defendant, charging him with assaulting his son, based on the report given by his daughter, and took him into custody. By the time Ellis was released the next day, both his son and his daughter had left the state to go back to college.

Represented by appointed counsel in state court, Ellis pleaded guilty to assault and battery, purportedly based on a desire to protect his son and because he received "bad advice" from his attorney. And despite his son's statement to police that Ellis had struck the first blow, by the time the defendant appeared at the revocation hearing in federal court, he claimed that if they could be present, his son and daughter would both testify that the

son instigated the altercation and threw the first punch, that no weapons were involved, and that the son gave a false statement to police because he did not want to be blamed for starting the fight with his father. Ellis did not account for the damaging statements that his daughter had also given police.

Counsel for Ellis asked for an adjournment in order to secure the presence of the two children as witnesses and offered, in lieu of a continuance, to submit statements that he had taken from them that he wished to have the court consider in mitigation. The district judge indicated that the defendant was welcome to submit the statements as mitigation evidence, saying:

> [They] would not be helpful to me very frankly. I understand his position, and I understand from reading the [police] report . . . . His position is that he [pleaded guilty] to protect his son. He was not the aggressor. It was his son who was the aggressor, and so I understand his position, and I expect if you call witnesses, they would affirm what he is saying.

Following the defendant's statement to the court concerning the altercation with his son, the district judge commented, "Common sense dictates that even if your son is the aggressor – and I listened to you as you say you cared about your son – even if he is the aggressor, as a parent, you walk away rather than get into a physical altercation . . . ."

We note, first of all, that there was no timely written motion for a continuance of the revocation hearing. Nor has there been a showing of actual prejudice. Although there are "no mechanical tests for deciding when a denial for continuance is so arbitrary as to violate due process," the Sixth Circuit has laid out specific guidelines for determining what

constitutes an abuse of discretion. *United States v. Frost*, 914 F.2d 756, 765 (6th Cir. 1990) (citations omitted). In *United States v. King*, we held:

> The denial of a defendant's motion for a continuance amounts to a constitutional violation only if there is an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay. To demonstrate reversible error, the defendant must show that the denial resulted in actual prejudice to his defense.

127 F.3d 483, 486-87 (6th Cir. 1997) (citations omitted) (internal quotation marks omitted). The defendant has not shown that the district court abused its discretion under this standard. The fact of the matter is that Ellis had been arrested for assault and battery, had failed to make a timely report of the arrest to his probation officer, had pleaded guilty to the crime of assault and battery, and thus indisputably had violated the conditions of his supervised release. The district judge explained that, regardless of the mitigating evidence Ellis might present about the circumstances of the fight, the judge would "still have to look at it as a violation [to which] he pled guilty." Mitigation aside, the mere existence of the conviction constituted a violation of supervised release. To complicate the matter, there was also the fact that Ellis had admittedly failed to comply with the reporting requirements of his conditional release, constituting an additional violation.

The defendant could not legally undertake a collateral attack upon the state conviction and, on the facts, the district court clearly understood the thrust of the mitigation argument and gave that argument what weight it thought appropriate. The record fails to reflect an abuse of discretion in this regard. We have reviewed the other issues raised on

appeal and find no merit to them. We therefore AFFIRM the judgment of the district court in all respects.