NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0581n.06

No. 08-4008

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Aug 19, 2009**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellee*, | ) | UNITED STATES DISTRICT |
| | ) | C O U R T   F O R   T H E |
| v. | ) | SOUTHERN DISTRICT OF |
| | ) | OHIO |
| **7046 PARK VISTA ROAD,** Englewood, | ) | |
| Montgomery County, Ohio; **BRIAN** | ) | **OPINION** |
| **GILLINGHAM,** | ) | |
| | ) | |
| *Defendants-Appellants*. | ) | |

BEFORE:    COLE, CLAY, and KETHLEDGE, Circuit Judges.

**COLE, Circuit Judge.**   Defendant-Appellant Brian Gillingham appeals the summary judgment of the district court in favor of Plaintiff-Appellee United States of America, ordering forfeiture *in rem* of certain real property under 18 U.S.C. §§ 2253(a)(3) and 2254(a)(2). Gillingham alleges that the district court's summary judgment should be reversed because: (1) forfeiture is improper absent a federal conviction and Gillingham was convicted only in Ohio state court of seven counts of pandering obscenity involving a minor under Ohio Revised Code §§ 2907.321(A)(2) & (A)(5), one count of possession of criminal tools under Ohio Revised Code § 2923.24(A), and one count of gross sexual imposition under Ohio Revised Code § 2907.05(A)(4); (2) a genuine issue of material fact remains as to whether Gillingham used his home to commit the offenses in question; and (3) forfeiture of the real property is an "excessive fine" in violation of the Eighth Amendment.   Gillingham also asserts that the district court

abused its discretion in denying his motion for a continuance of his trial and a related motion to withdraw a brief filed by counsel.

We review a grant of summary judgment de novo. *Sullivan v. Or. Ford, Inc.*, 559 F.3d 594 (6th Cir. 2009) (citing *Miller v. Admin. Office of the Courts*, 448 F.3d 887, 893 (6th Cir. 2006)). The moving party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). We view factual evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *See Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 487 (6th Cir. 2006). We review a district court's decision to deny a motion for a continuance for an abuse of discretion. *United States v. King*, 127 F.3d 483, 486 (6th Cir. 1997); *United States v. Gallo*, 763 F.2d 1504, 1523 (6th Cir. 1985).

We have carefully considered the parties' briefs, the applicable law, and the district court's order granting summary judgment to the Government and denying Gillingham's request for a continuance and to withdraw counsel's brief. We agree with the district court's conclusion that no genuine issues of material fact exist and that the Government is entitled to judgment as a matter of law on its forfeiture claim. Further, we agree that, as to his two motions, Gillingham offers no support for his argument that the court's orders constituted an "unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay," *King*, 127 F.3d at 486-87, in violation of any due process rights. Because the district court's decision is thorough and well-reasoned, *see United States v. 7046 Park Vista*, 537 F. Supp. 2d 929 (S.D.

Ohio 2008), we find no reason to expand on its analysis. Therefore, for the reasons stated in the

district court's opinion, we **AFFIRM**.