NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0718n.06

No. 07-3509

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

**FILED**
**Nov 05, 2009**
LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

MUHAMMED DYE,

      Defendant - Appellant.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF OHIO

_____/

Before: MARTIN, ROGERS, and COOK, Circuit Judges.

      BOYCE F. MARTIN, JR., Circuit Judge. Muhammed Dye appeals his sentence, claiming that he did not receive proper notice of the government's sentencing enhancement under 18 U.S.C. § 851. The government claims that it proper notice of the enhancement was served upon Dye through counsel on October 18, 2006 and that he did not become a *pro se* litigant until December 6, 2006. Thus, the government contends that it complied with the notice requirements of Section 851 and that Dye received proper notice. For the following reasons, we **AFFIRM** the judgment of the district court.

**I.**

      On June 14, 2006, the grand jury returned a 49-count indictment against Dye and his co-defendants for activities related to the possession and sale of crack cocaine within 1,000 feet of a public school. Dye was indicted on several counts of conspiracy to distribute and distribution of

cocaine base, crack. On June 15, 2006, Michael J. Goldberg, Esq. was appointed to represent Dye. On July 26, 2006, Dye filed a motion to proceed *pro se*. Though Dye claims that the district court granted his motion on August 1, 2006, it appears from the record that the court granted his motion for an attorney conference regarding his *pro se* representation on that date. On August 17, following the August 16th attorney conference, the court issued an order for a competency evaluation pursuant to 18 U.S.C. § 4241. It appears that Dye was still represented by counsel at this hearing.

On October 18, 2006, the government filed an Information pursuant to 18 U.S.C. § 851 to establish Dye's prior convictions. The government served a copy of this notice on attorney Goldberg. From August through December 2006, trial documents continue to refer to Goldberg as Dye's counsel and Goldberg appears to have continued to act in that capacity, including providing representation at Dye's competency hearing on December 6, 2006. On December 6, 2006, the district court filed an order noting that Dye wished to proceed *pro se* and appointing Goldberg to serve as Dye's legal advisor only. Dye immediately filed a number of motions *pro se*. Dye had filed no *pro se* motions prior to December 2006.

The jury trial, at which Dye acted as his own counsel, began on January 16, 2007. On January 23, 2007, the jury returned a guilty verdict on multiple counts and, on March 30, 2007, Dye was sentenced to 292 months in prison with a term of supervised release of ten years and a $500 special assessment. At the sentencing hearing, Dye argued that he had not received any written notice of the prior conviction relied on in the Section 851 enhancement. The district court overruled his objection upon learning that the Information had been served on Dye's attorney and was included in the discovery packet so "Dye was certainly aware of his conviction" and the government's

intention to use it at sentencing. The district court entered judgment on April 3, 2007. Dye timely appealed on April 20, 2007.

Dye moved for appointment of appellate counsel which we granted April 26, 2007. On May 7, 2007, Goldberg's motion to withdraw as counsel of record for Dye was granted.

## II.

We review *de novo* the sufficiency of notice about a sentencing enhancement under 21 U.S.C. § 851. *United States v. Odeneal*, 517 F.3d 406, 415 (6th Cir. 2008). Section 851 provides in relevant part:

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

21 U.S.C. § 851(a)(1). The statute further dictates that a defendant must file a written response if he "denies any allegation of the information of prior conviction, or claims that any conviction alleged is invalid." 21 U.S.C. § 851(c)(1). Finally, the statute imposes a duty of inquiry upon the district court:

> If the United States attorney files an information under this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

21 U.S.C. § 851(b). As these are requirements, a district court may not enhance a defendant's sentence unless the government and the court has satisfied them. *United States v. King*, 127 F.3d

483, 487 (6th Cir. 1997). "Section 851 was designed to satisfy the requirements of due process and provide the defendant with 'reasonable notice and an opportunity to be heard regarding the possibility of an enhanced sentence for recidivism.'" *King*, 127 F.3d at 490 (quoting *United States v. Belanger*, 970 F.2d 416, 418 (7th Cir. 1992)).

**III.**

Though Dye claims that he did not receive proper notice of a sentencing enhancement because he was acting *pro se* as of June 15, 2006, the record does not corroborate this story. His attorney, Goldberg, who had been appointed to represent him on June 15, 2006, received a copy of the United States' information establishing a prior conviction on October 18, 2006. The record indicates that Goldberg continued to serve as Dye's attorney during this period while the court held his motion to proceed *pro se* in abeyance pending a competency evaluation, including representing him at that competency hearing on December 6, 2006. It does not appear that Dye actually proceeded *pro se* until the court granted his motion to do so, on December 6, 2006, more than six weeks after the Section 851 Information was served upon Dye through his counsel. Because the district court had found reasonable cause to believe that Dye was incompetent to stand trial, requiring a competency evaluation before permitting Dye to proceed *pro se* was not error. *See United States v. Klat*, 156 F.3d 1258, 1263 (D.C. Cir. 1998) ("[W]here a defendant's competence to stand trial is reasonably in question, a court may not allow that defendant to waive [his] right to counsel and proceed *pro se* until the issue of competency has been resolved."). Thus, the district court properly overruled Dye's objection at sentencing because he was represented by counsel at the time the Information was filed.

**IV.**

For the foregoing reasons, we **AFFIRM** the judgment of the district court.