NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0317n.06

No. 09-4044

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

May 13, 2011

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| RODGERICK LAMONT McMAHON, | ) | SOUTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before: BATCHELDER, Chief Judge, COLE, and GIBBONS, Circuit Judges.

**JULIA SMITH GIBBONS, Circuit Judge.** Rodgerick McMahon pled guilty to possession of crack cocaine with intent to distribute and possession of a firearm in furtherance of a drug trafficking crime. He appeals his sentence of seventy-seven months' imprisonment on the drug charge. McMahon claims the district court abused its discretion in electing not to continue the sentencing hearing until pending federal legislation had been passed by Congress and signed into law, which would have reduced the mandatory-minimum sentence McMahon faced. For the reasons discussed below, we affirm the decision of the district court.

I.

On February 25, 2009, Springfield, Ohio, police officers observed a maroon truck fail to signal a turn in a timely manner. As the officers activated lights to initiate a traffic stop, McMahon and two other occupants inside the truck exited the vehicle and fled on foot. While ordering McMahon to stop, an officer witnessed him pick up a firearm, later identified as a loaded .45 caliber

semi-automatic handgun, which had slipped from his waistband. The officers subdued McMahon and handcuffed him, at which time McMahon voluntarily stated that he had a gun and crack cocaine on his person. The officers recovered the gun and 7.6 grams of crack cocaine from McMahon, who was then arrested.

A federal grand jury indicted McMahon on five counts: (1) possession with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1); (2) carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); (4) possession of at least five grams of crack cocaine, in violation of 21 U.S.C. § 844(a); and (5) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Pursuant to a plea agreement, McMahon pled guilty to counts one and three of the indictment, and the government moved to dismiss the remaining counts. McMahon's guilty plea was entered on May 7, 2009. Based on the offense level (21) and McMahon's criminal history category (VI), McMahon faced a mandatory-minimum sentence of sixty months' imprisonment and a recommended sentence of seventy-seven to ninety-six months' imprisonment based on the Sentencing Guidelines for the drug charge. He also faced a mandatory consecutive sentence of at least sixty months for the firearm charge.

Sentencing was originally scheduled for July 23, 2009, but a sentencing hearing was not held (for reasons unclear from the record) until August 20, 2009. At the hearing, McMahon's counsel focused on the disparity in federal criminal penalties between crack and powder cocaine, including the disparity in mandatory-minimum sentences. Counsel then raised the issue of "continuing the

sentencing while we see what happens with legislation" being considered by Congress that would reduce the mandatory-minimum sentences for crack cocaine offenses; McMahon himself also raised the disparity issue and the possibility of delaying the sentencing with the court. The district court, however, elected not to delay sentencing, on the grounds that (1) the passage of new legislation by Congress was not predetermined and (2) the court's belief that, should legislation be passed, it would be made retroactive.

The district court then considered McMahon's criminal history and other relevant factors for sentencing under 18 U.S.C. § 3553(a). The court noted that McMahon's criminal history included a long history of narcotics sales, convictions for fleeing and eluding officers, and five separate terms of imprisonment. Based on McMahon's history, particularly the risks associated with his proclivity for fleeing officers, the court concluded that "the public has reason to fear for its safety because of this Defendant." While the district court agreed that the "unreasonable disparity between crack cocaine and powdered cocaine" sentences should not be overlooked, the court also noted that McMahon's crack cocaine possession was not the only issue before the court.[1] Consequently, the district court imposed a sentence of seventy-seven months' imprisonment. The district court also imposed a sentence of sixty months' imprisonment based on Count 3, with the terms to be served consecutively.

---

[1] The court went so far as to say that "[w]ere the only issue before the Court on Count 1 the crack-powder[] disparity, it would have absolutely no difficulty in departing or varying from the applicable no-longer-binding sentencing range . . . ."

II.

The district court had subject-matter jurisdiction under 18 U.S.C. § 3231, as McMahon was charged with federal crimes. This court has appellate jurisdiction under 28 U.S.C. § 1291. This court reviews a district court's denial of a motion for continuance for abuse of discretion. *United States v. Warshak*, 631 F.3d 266, 298 (6th Cir. 2010); *United States v. King*, 127 F.3d 483, 486 (6th Cir. 1997).

In *Ungar v. Sarafite*, the Supreme Court noted that "[t]he matter of continuance is traditionally within the discretion of the trial judge." *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964). The outer limit of a district court's discretion is set by the constitutional requirements of due process; "a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality." *Id.* The *Ungar* Court eschewed any test for determining when such a violation had occurred, however, recognizing that the inquiry must be a fact-specific one. *Id.* at 589–90.

In this case, McMahon argues that the court's abuse of discretion arose from its refusal to grant a continuance even when "presented with compelling arguments that the political climate was shifting towards eliminating the unwarranted crack/powder 100:1 ratio." McMahon, however, offers no cases in support of the proposition that a judge must wait to see the outcome of an ongoing political discussion. In contrast, the Third Circuit recently rejected the notion that a court should pace sentencing proceedings in order to allow for the political branches to act. *See United States v. Bonner*, No. 09-2352, 2010 WL 226351, at *3 (3d Cir. Jan. 21, 2010) (unpublished) ("[I]t would be inappropriate for the Court to hold off . . . simply because of the chance that Congress *may* pass and

the President *may* sign legislation at some unknown point in the future that turned out to be beneficial to the Appellant."). The *Bonner* court's opinion is persuasive; judicial economy would be at great risk should the court postpone proceedings every time a bill relating to the subject matter before the court was pending.

Moreover, it is not evident that, had the change in law taken place before McMahon was sentenced, the district court would have altered its sentence. "To demonstrate reversible error [as to the denial of a continuance], the defendant must show that the denial resulted in actual prejudice to his defense." *Warshak*, 631 F.3d at 298 (internal quotation marks and citations omitted). While the district court selected the lower end of the Sentencing Guidelines' recommendation, it imposed a sentence eleven months longer than the mandatory minimum under the previous § 841(a)(1) provision. At the sentencing hearing, the district court emphasized repeatedly that it was motivated out of a concern for public safety, based on McMahon's criminal history and repeated incarcerations. These concerns do not dissipate based on legislative reform.

In sum, the district court did not abuse its discretion when it decided to refuse McMahon's request for a continuance based on the possibility of legislative reform. The district court is not required to wait to see the outcome of ongoing political debates; moreover, McMahon has failed to show that a continuance would have actually affected his sentence.

III.

For the foregoing reasons, the decision of the district court is affirmed.