NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0531n.06

Case Nos. 18-3929/3998

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| TERRICK THOMPSON (18-3929); EDWIN | ) | DISTRICT OF OHIO |
| DORTCH (18-3998), | ) | |
| | ) | |
| Defendants-Appellants. | ) | |
| | ) | **O P I N I O N** |

**FILED**

Oct 17, 2019

DEBORAH S. HUNT, Clerk

BEFORE: MOORE, McKEAGUE, and LARSEN, Circuit Judges.

**McKEAGUE, Circuit Judge.** Defendants Terrick Thompson and Edwin Dortch appeal the district court's denial of their motions to suppress evidence obtained via a search warrant. Dortch separately appeals the refusal to hold a *Franks* hearing, and Thompson argues that his Sixth Amendment right to the effective assistance of counsel was violated by the district court's denial of his motion for a continuance. We **AFFIRM**.

## I. BACKGROUND

On February 14, 2018, Akron Police Detective Mike Schmidt applied for a warrant to search 450 W. Bartges Street for evidence of drug trafficking. Det. Schmidt's affidavit described the evidence giving probable cause for the search. First, he described a controlled buy that his team

executed in the week prior to seeking the warrant. A confidential informant (CI) contacted Defendant Edwin Dortch and arranged a meet-up at a predetermined location to purchase marijuana. Another detective watched Dortch leave 450 W. Bartges prior to the sale, and Det. Schmidt observed the sale off-site. Second, the affidavit described a conversation in which the same CI identified defendants Edwin Dortch, Terrick Thompson, and Rica Jones as occupants of the residence and alleged that they also sold narcotics out of the house. Third, the affidavit described the CI as someone who had worked with Det. Schmidt before and whose prior tips regarding the Akron drug trade had been corroborated by the detective. Fourth, the affidavit described the relevant history of 450 W. Bartges that connected it to drug activity. For example, several years prior to the affidavit, the Akron police had executed a search of the house and recovered a handgun, digital scales, drug packaging bags, and $6,710 in cash. A month before the warrant request, the police had visited the house again when they were called because known drug dealer Kevin Cook assaulted his girlfriend there. And in the police incident report for the call, Terrick Thompson—who already had a conviction for drug possession—had listed 450 W. Bartges as his home address. Then, on several occasions, including the day of the affidavit itself, the police had observed a car parked outside the house that was registered to known drug dealer Joseph Sheffield. Fifth, the affidavit described the house as having security cameras mounted outside to monitor approaching traffic. Last, the affidavit summarized the officer's relevant knowledge and experience with investigating drug trafficking in the Akron area.

An Akron municipal court judge issued the warrant, and on February 16, 2018, the police executed the search. The officers found drugs (methamphetamine, fentanyl, heroin, and carfentanil), $9,000 in cash, three handguns, ammunition, and drug processing items. An indictment charged Dortch and Thompson with possession of firearms and possession of

controlled substances with the intent to distribute and charged Jones with maintaining a drug house. The defendants moved to suppress the evidence collected in the search, claiming that Det. Schmidt's affidavit failed to establish probable cause for the warrant. Dortch also requested a *Franks* evidentiary hearing to address whether the warrant was based on the affidavit's description of Dortch as an occupant of 450 W. Bartges, which description Dortch argued was false.

The district court denied the motions for suppression. The court held that the affidavit gave a substantial basis for the magistrate to find probable cause that evidence of drug trafficking would be found at the subject residence. The court also denied the *Franks* motion. It determined that Det. Schmidt did not lie about Dortch occupying the house, and regardless, the description was not necessary to the finding of probable cause. Whether or not Dortch lived at 450 W. Bartges, the other evidence connecting the house and the defendants to drug trafficking was independently sufficient for the issuing judge to find probable cause.

The day after the court denied the defendants' suppression motions, and four days prior to trial, Thompson filed a motion for a continuance, asserting that declining to delay trial would deprive him of his constitutional right to the effective assistance of counsel. The motion stated that although counsel had been "actively investigating" possible defenses, counsel had been unsuccessful because of time constraints. The motion referred vaguely to a potential exonerating defense that counsel needed time to investigate. Counsel was also unable to meet with Thompson for several days because of logistical problems, including: there being no available space or telephone for meeting in Thompson's first detention facility; Thompson being moved to a different holding facility; and counsel attending a wedding out of town that weekend. The district court summarily denied the motion for a continuance. The three co-defendants—Jones, Thompson, and Dortch—accepted guilty pleas but retained their rights to appeal based on the denial of the motions

to suppress and Thompson's claim of ineffective assistance of counsel based on the denial of his motion for a continuance.

Co-defendant Rica Jones appealed separately. She challenged the district court's denial of the defendants' motions to suppress, just as Thompson and Dortch do here. *United States v. Jones*, No. 18-3875, 2019 WL 3074712, at *1 (6th Cir. July 15, 2019). She contended that Det. Schmidt's affidavit didn't establish probable cause for the search because (1) there was no nexus between the controlled buy and the house; (2) the CI's allegations about the defendants were "speculative and uncorroborated"; (3) the narcotics-related history of 450 W. Bartges was stale and irrelevant; and (4) the police didn't observe any other "drug-dealing-related activities" while they surveilled the house. *Id.* at *3. This court reviewed these arguments and affirmed the district court, finding that its review of the probable cause determination was proper. *Id*. at *3–4.

## II. ANALYSIS

### A.    Motions to suppress

Both Thompson and Dortch challenge the district court's denial of their motions to suppress the evidence found at 450 W. Bartges Street. They allege that Det. Schmidt's affidavit didn't show the probable cause necessary to justify the search warrant executed at 450 W. Bartges. In support, they make three main sub-arguments: (1) There was no nexus between the house and the controlled buy; (2) The CI's allegations about the defendants were conclusory and uncorroborated; and (3) The prior events connecting 450 W. Bartges to drugs were stale and irrelevant.

These arguments should look familiar. In *United States v. Jones*, the court considered and rejected arguments materially indistinguishable from those the defendants raise here, finding that the magistrate judge correctly employed a "totality-of-the-circumstances assessment of probable

cause" and that "[t]he district court properly reviewed that determination and denied the motion to suppress." No. 18-3875, 2019 WL 3074712, at *3 (6th Cir. July 15, 2019).

Because the *Jones* court discussed this very same issue, "its findings become the 'law of the case' and are therefore binding." *United States v. Hughes*, 505 F.3d 578, 591 (6th Cir. 2007) (quoting *United States v. Corrado*, 227 F.3d 528, 533 (6th Cir. 2000)). We may not revisit "an earlier appellate court's decision . . . unless 'substantially new evidence has been introduced, . . . there has been an intervening change of law, or . . . the first decision was clearly erroneous and enforcement of its command would work substantial injustice.'" *Corrado*, 227 F.3d at 533 (quoting *Miles v. Kohli & Kaliher Assocs., Ltd.*, 917 F.2d 235, 241 n.7 (6th Cir. 1990)). Neither Thompson nor Dortch has introduced substantially new evidence, argued that the law has changed, or shown that the *Jones* decision was clearly erroneous. Therefore, none of these exceptions apply, the *Jones* decision is the law of the case, and we are bound by its holding that that the district court properly denied the motions to suppress.

### B. *Franks* Hearing

Dortch separately appeals the district court's refusal to hold a *Franks* hearing, which we review "under the same standard used to review the district court's denial of a motion to suppress: factual findings are reviewed for clear error and conclusions of law are reviewed de novo." *United States v. Pirosko*, 787 F.3d 358, 369 (6th Cir. 2015) (quoting *United States v. Rose*, 714 F.3d 362, 369–70 (6th Cir. 2013)) (internal quotation omitted). To be entitled to a *Franks* hearing a defendant must: "1) make[] a substantial preliminary showing that the affiant knowingly and intentionally, or with reckless disregard for the truth, included a false statement or material omission in the affidavit; and 2) prove[] that the false statement or material omission is necessary to the probable

cause finding in the affidavit." *Rose*, 714 F.3d at 370 (citing *Franks v. Delaware*, 438 U.S. 154, 171–72 (1978)).

Dortch argues that when Det. Schmidt's affidavit identified Dortch as an "occupant" of 450 W. Bartges, it stated an "intentional or reckless falsehood" because Dortch did not reside at 450 W. Bartges. The district court determined that the description was not untrue, because the term "occupant" is not synonymous with "resident"; the dictionary defines an occupant as "[one] that resides in *or uses* a physical space." *Am. Heritage Dictionary of the English Language* 1218 (5th ed. 2016) (emphasis added by district court). Therefore, the court concluded, the affidavit did not necessarily say that Dortch *lived* at 450 W. Bartges; it only said that he used the house. Because Dortch did use the house on at least one occasion, the description was accurate. Though it did not need to, the district court proceeded to the second *Franks* requirement and concluded that even if the identification of Dortch as an occupant was intentionally misleading, it wasn't necessary to the magistrate's assessment of probable cause. If the term "occupant" was erased from the affidavit, it would still state sufficient evidence to support a finding of probable cause.

Whether Det. Schmidt lied in the affidavit is a finding of fact that we review only for clear error. Dortch argues that in the context of the affidavit, we should interpret "occupant" to mean "resident" because Schmidt used "occupant" to describe Thompson, Jones, and Dortch. The affidavit later called Thompson a resident—which he was—and therefore the affidavit used "occupant" as a synonym for "resident." But Dortch overlooks the possibility that Thompson could be both an occupant and a resident, while Dortch was only an occupant. While Dortch's interpretation is reasonable, it is not required. The district court did not commit clear error by concluding that Det. Schmidt only meant to convey that Dortch visited and used the house.

Because the district court's factual finding that the description was not false or misleading is not clearly erroneous, we do not disturb it.

We review the district court's legal determination of what is necessary for a finding of probable cause de novo. While the *Jones* court did not address the *Franks* issue directly, it did address a related argument that because Dortch didn't live at the house, there was no nexus between the house and the controlled buy. And because there was no nexus, there was no probable cause. *Jones,* No. 18-3875, 2019 WL 3074712, at *3. The court held that the issuing magistrate could find probable cause for the warrant even though Dortch lived elsewhere. *See id.* We agree with *Jones* and the district court that—regardless of Dortch's home address—between the house's narcotics-related history, the controlled buy, and the CI's tip, there was enough evidence to find probable cause. Therefore, even if the description of Dortch as an occupant of 450 W. Bartges was false or recklessly misleading, it wasn't necessary, and Dortch wasn't entitled to a *Franks* hearing.

### C.     Ineffective Assistance of Counsel

Thompson also argues that the district court violated his Sixth Amendment right to the effective assistance of counsel when it denied his motion for a continuance. In Thompson's plea agreement, he waived the right to appeal the district court's denial of his motion for a continuance. Though he didn't waive his right to make a claim based purely on the ineffective assistance of counsel, we will not review that claim here. Claims about the ineffective assistance of counsel are "more properly raised in a post-conviction proceeding brought pursuant to 28 U.S.C. § 2255." *United States v. Lopez-Medina*, 461 F.3d 724, 737 (6th Cir. 2006); *United States v. King*, 127 F.3d 483, 487 (6th Cir. 1997) (refusing to address a similar claim about the court denying the appellant the effective assistance of counsel). Though the court has reviewed ineffective assistance of counsel claims when "the record is adequate to assess their merits," we are not convinced that the

record is adequate here. *United States v. Williams*, 753 F.3d 626, 636 (6th Cir. 2014) (quoting

*United States v. Wunder*, 919 F.2d 34, 37 (6th Cir.1990) (internal quotations omitted)).

## III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court.